**Alfred E. WARREN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19227.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 13, 1965.

Decided Dec. 1, 1965.

Mr. Ronald N. Cobert, Washington, D. C. (appointed by this court) for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., at the time the brief was filed, was on the brief for appellee. Mr. Joel D. Blackwell, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, Circuit Judge, WASHINGTON, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

The issue presented by this appeal questions the timeliness of appellant's motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, which provides in part:

> The [District] court may reduce a sentence * * * within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, * * *.

The District Court dismissed appellant's motion for lack of jurisdiction, holding that it had been filed too late. The facts relevant to this ruling are somewhat involved. Appellant pled guilty to a charge of robbery on August 16, 1963, and was sentenced to four to twelve years imprisonment. Shortly thereafter he addressed several letters to the District Court, which were treated under Rules 32(d) and 35 as motions for withdrawal of the guilty plea and for reduction of the sentence. The court denied the motions, and its order was appealed to this court where it was consolidated with a direct appeal from the initial judgment of guilt. This court affirmed in both cases October 19, 1964.[1] Without notice to the defendant,[2] a certified copy of the judgment of this court[3] was transmitted to and filed with the Clerk of the District Court on November 4, 1964. On November 13, 1964, the United States Attorney wrote a letter advising the defendant's attorney that presentment of this court's judgment was intended for November 24, 1964.[4] On November 24, 1964, the United States Attorney presented our judgment to the District Court judge presiding in Assignment Court. On January 19, 1965, appellant filed his present motion under Rule 35 for reduction of sentence. This was 76 days after this court's judgment had been filed with the Clerk of the District Court, but only 56 days after the judgment was presented

---

1. The Government contends in the present case that appellant's earlier direct appeal from his conviction was frivolous. Hence the Government reasons that we should treat the present case as if no direct appeal had occurred. On this basis the Government argues that Rule 35 allows motions for reduction of sentence *only* after affirmance of direct appeals, not after unsuccessful collateral attacks on the conviction, and therefore no Rule 35 motion was possible after our original affirmance. In addition, the Government argues that this court, in its order affirming the conviction and the denial of the collateral motions, ruled that no Rule 35 motion would be permissible following its affirmance. We see no merit in this line of reasoning. The simple fact is that a direct appeal was taken and this court heard it. Rule 35 does not require more. Nor do we think that our initial order of affirmance was meant to preclude a further Rule 35 motion.

2. At the time of transmission of the judgment the Clerk of this court sent a letter notifying the Clerk of the District Court, with a copy to the United States Attorney. No copy was sent to the appellant or to his attorney. Nor is Rule 27 of the General Rules of this court sufficient to give appellant notice of transmission.

Rule 27 provides that transmission shall occur at least 15 days after date of judgment. Apparently, actual transmission often takes place 20 or more days after date of judgment. As appellant points out, it would be onerous to require counsel to inquire every day whether transmission has actually occurred.

3. Rule 27 of the General Rules of this court dispenses with the necessity for a formal mandate in all but capital cases. In all other cases, a copy of the opinion, if any, and a certified judgment of the court are transmitted in lieu of a mandate. The parties both urge, and we agree, that the transmitted opinion and judgment should be treated as a mandate for the purposes of Rule 35.

4. The text of the letter read:
I am writing to advise you that the mandate or judgment of the Court of Appeals in the above-entitled case will be presented in the United States District Court for the District of Columbia at 9:30 A.M. on Tuesday, November 24, 1964.
One of my Assistants will present the mandate or judgment before the presiding judge in the Assignment Court. A copy of this letter apparently was also sent directly to appellant.

in open court. The court held that November 4 was the date of "receipt by the court" of the mandate within the meaning of Rule 35; hence, the court held, the motion was not filed within the 60-day period provided in the rule.

■ By its decisions in United States v. Robinson [5] and Berman v. United States,[6] the Supreme Court has clearly indicated that a claim of excusable neglect is not sufficient to warrant an extension of time otherwise prescribed by Rule 45(b).[7] On the other hand, the Court's recent decision in Fallen v. United States [8] establishes that where appellant claims some reason other than excusable neglect for late filing a court may examine the circumstances of the case to see if the intendment of the Rules, as articulated by Rule 2, Fed.R.Crim.P., warrants the court in holding that the delay was not attributable to the accused and that the motion or appeal should be heard on its merits.[9]

■ The merits of appellant's pleas for reduction of sentence have never been considered by the District Court with the assistance of counsel for appellant.[10] And appellant does not rest his claim on excusable neglect. He asserts that by reason of various acts of Government officials the date of presentment to the judge of the District Court controlled the running of the 60-day period. No notice in any form that this court's judgment was to be or had been transmitted to the

5. 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259.

6. 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012.

7. This rule provides:

> (b) *Enlargement.* When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect; but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal.

8. 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760. In *Fallen* petitioner, who was ill at the time, was transferred to hospital facilities for commencement of his sentence immediately following his conviction. Eight days later he wrote and gave to the prison authorities to mail a *pro se* notice of appeal, but the letter took six additional days to reach the Clerk of the court. The Circuit Court held that the notice was not timely, since it was received 14 days after sentencing. The Supreme Court reversed because, as the Court stated,

> Overlooked, in our view, was the fact that the Rules are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances. Rule 2 begins with the admonition that "[t]hese rules are intended to provide for the just determination of every criminal proceeding.

> They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." That the Rules were not approached with sympathy for their purpose is apparent when the circumstances of this case are examined.

After speculating on the reasons why the letter was in transit for six days after petitioner had deposited it with prison authorities, the Court concluded that the delays subsequent to the deposit "were not chargeable to" the petitioner. "Since petitioner did all he could under the circumstances," the Court declined "to read the Rules so rigidly as to bar a determination of his appeal on the merits."

9. The authority of *Fallen* is underscored by the fact that it was decided on the same day as *Berman* and that all nine Justices agreed in the result.

10. Appellant had filed two Rule 35 motions for reduction of sentence prior to the one now in question. The first consisted of a *pro se* motion, in the form of a handwritten letter to the sentencing judge, composed shortly after sentence was imposed. This motion was denied without hearing on September 27, 1963, and no appeal was taken. On December 30, 1963, appointed counsel filed a new motion for reduction of sentence. This motion was denied for lack of jurisdiction, and was not considered on the merits, presumably because it had been filed well after 60 days had elapsed from the date of sentencing. No appeal was taken from this ruling.

Clerk of the District Court on November 4 was given to appellant. However, a letter was sent to his attorney by the United States Attorney on November 13. This letter advised that the judgment of this court was to be presented in the District Court on November 24. Appellant's attorney relied upon this letter in deciding when to file his motion for reduction of sentence.[11]

The foregoing suffices to bring this case within the ambit of our decision in West v. United States, 94 U.S.App.D.C. 46, 222 F.2d 774.[12] There a prisoner filed a motion for vacation of judgment under 28 U.S.C. § 2255 on September 3. The District Court denied the motion on October 13. On October 20 the Clerk of the District Court wrote the prisoner notifying him of the court's action but not of the date of the denial. The prisoner, who was without assistance of counsel, filed a notice of appeal relying upon the date of the Clerk's letter as the date of denial. This court held that

* * * where a notice has misled one in the position of West to rely upon an incorrect date * * * the

time within which application must be made for permission to appeal should commence to run from the date relied upon.

Moreover, the element of detrimental reliance on the acts of Government officials was present in *Fallen.* Petitioner there relied upon prison officials to mail promptly his notice of appeal and those officials did not inform petitioner that mail from the prison went out only twice a week. This element of reliance apparently was an important factor in the Court's refusal to charge petitioner for the delay.

In light of the purposes of the Rules as expressed in *Fallen* and *West,* and of the circumstances of this case, we conclude that the District Court did not lose jurisdiction of appellant's motion.[13]

Our decision should not lead to future confusion. In the first place, the procedure of presentment is no longer followed in this circuit; and since the argument of this appeal the Clerk of our court has initiated the practice of notifying both appellant and his counsel when the judgment is transmitted.

11. At the hearing in the District Court appellant's counsel stated:

Secondly, Your Honor, whatever the interpretation would be of the rules in some abstract sense, in this case and in many, many cases like it, the practice is misleading and there was no notice made to the parties. The only notice received was a notice saying that a mandate was to be presented in the United States District Court. As a matter of fact, Your Honor, there are many, many lawyers, including myself, that had no idea that there was any transmittal of papers.

12. See also Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865, where this court excused appellant's failure to perfect his appeal within the prescribed time because appellant had been misled into believing that he was unable to appeal by letters written him by a judge. *Cf.* Williams v. United States, 88 U.S.App.D.C. 212, 188 F.2d 41.

13. We find further support for our conclusion from a line of cases which have held that the 10-day period of Rule 37 only

begins to run from the date of actual receipt by appellant of notice that his motion in the District Court has been denied. See, *e.g.,* Ching v. United States, 338 F.2d 333 (10th Cir.), cert denied, 379 U.S. 1005, 85 S.Ct. 732, 13 L.Ed.2d 707; Lohman v. United States, 237 F.2d 645 (6th Cir.); Carter v. United States, 168 F.2d 310 (10th Cir.). *Cf.* Boruff v. United States, 310 F.2d 918 (5th Cir.). While the rationale of these cases rests heavily upon the requirement of Rule 49 (c) that the Clerk send notice of the disposition of the motion, the decisions are also manifestations of the willingness of courts to construct Rules 37 and 45 liberally where there has been a failure in the notice mechanism. The case at bar presents an analogous failure in notice procedures. Indeed, the Government admitted in oral argument that the practices of this circuit regarding transmission and presentment of the judgment to the District Court might well cause difficulty, especially for indigents represented by different appointed counsel in this court and in the trial court.

The judgment is reversed and the case remanded for a hearing of appellant's motion on its merits.

It is so ordered.

WASHINGTON, Senior Circuit Judge, has not participated in the decision of this case.