James E. **CADE**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 7154.

District of Columbia Court of Appeals.

Submitted Oct. 11, 1973.

Decided Nov. 21, 1973.

Herbert E. Marks and E. Foster De-Reitzes, Washington, D. C., appointed by this court, were on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry and Garey G. Stark, Asst. U. S. Attys., were on the brief for appellee.

Before KERN, PAIR and YEAGLEY, Associate Judges.

PER CURIAM:

This matter came on to be heard on the record from the Superior Court of the District of Columbia, Criminal Division, and was briefed by counsel.

Appellant pleaded guilty to unauthorized use of a vehicle[1] and was sentenced to a term of 20 to 60 months imprisonment, to run concurrently with any sentence then being served. The sole issue on appeal is whether the trial court erred when it denied, as untimely filed, appellant's "Motion to Reduce Sentence." *See* Super.Ct.Crim. R. 35(a), which provides for reduction of sentence within 120 days after the sentence is imposed. There are, however, exceptions to the application of the rule. *See and compare* Warren v. United States, 123 U.S.App.D.C. 160, 358 F.2d 527 (1965). Appellant contends that he comes within one of the exceptions, *viz.*, that trial counsel rendered him ineffective assistance in failing to timely file the motion after assuring appellant that the motion would be filed. This contention is based upon an averment in appellant's affidavit (appended to his brief but which is not a part of the record). The government cannot, of course, refute facts not of record. The government concedes, however, that the interests of justice[2] might be best served by remanding for a hearing to explore what assistance, if any, appellant's trial counsel undertook to render appellant and to what extent appellant relied upon his counsel to his detriment. Warren v. United States, *supra.*

Should the trial court determine, after a hearing, that appellant's representations in this regard are substantiated it may treat the motion as having been timely filed and proceed to an on-the-record ruling on the merits of the motion. We, therefore, vacate the order of the trial court and remand for further proceedings not inconsistent herewith.

So ordered.

1. D.C.Code 1973, § 22–2204.

2. *See* D.C.Code 1973, § 17–306.