**Lee Verlis JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2689.**

Supreme Court of Alaska.

April 19, 1976.

Brian Shortell, Public Defender, Anchorage, for appellant.

Joseph D. Balfe, Dist. Atty., Glen. C. Anderson, Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

PER CURIAM.

After pleading guilty to two counts of mayhem, Lee Verlis Jones was sentenced on January 7, 1975 to serve two consecutive fifteen-year terms in prison.[1] In a letter from prison dated June 24, 1975, Jones asked the trial court to reconsider his sentence, specifically requesting that his two terms be altered to run concurrently. The letter was referred to the Public Defender Agency, which has represented him at trial. After obtaining new counsel within the agency, Jones filed a formal motion for an extension of time in which to file a motion for modification or reduction of his sentence. The motion was denied under Criminal Rule 35(a), which provides for a 60-day limit on the time in which a motion for sentence reduction or modification must be filed.[2]

We recently held in *Davenport v. State*, Op.No. 1218, 543 P.2d 1204 at 1211 (1975):

"that the superior court lacks jurisdiction to review its own sentence, after it has entered a judgment on the matter, more than 60 days after it has imposed sentence." *See* AS 12.55.080; Alaska R.Crim.P. 35(a).

AS 12.55.080 only provides a 60-day limit for suspending the imposition, execution or balance of a sentence, or for placing the defendant on probation. *See* Rule 35(a). This does not mean, however, that in a clear case of injustice we would be unable to act. Rule 35(a) would be subject to Alaska R.Crim.P. 53, which allows relaxation of the rules if injustice will result. As for AS 12.55.080, we find *Davenport* distinguishable from the case at bar. The facts of this case, unlike *Davenport*, do not show that the trial court intentionally retained jurisdiction in order to modify defendant's sentence in the future. The court would lack power to so act. Rather, defendant Jones alleges that circumstances combined to produce injustice in his case. If true, such an allegation would not find the courts devoid of any ability to act under Alaska R.Crim.P. 53.

We do not, however, find this a proper case in which to relax the rules under Alaska R.Crim.P. 53,[3] despite Jones' argument that his counsel was solely re-

---

1. Jones was employed to throw acid on two persons. This he did, permanently and hideously disfiguring both individuals. Because of the viciousness of this attack, done not in passion but for hire, we have no difficulty in understanding the length of the sentences imposed.

2. Alaska R.Crim.P. 35(a) provides:
   "*Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirm-ance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief."

3. Alaska R.Cim.P. 53 provides:
   "These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice."
   Alaska R.Civ.P. 94 contains a similar provision.

sponsible for the failure to file within 60 days.[4] Appellant points to no infirmity in the sentence meted out such as would indicate manifest injustice in the sentence itself. We must conclude, therefore, that this is not a case where there was such prejudice in the sentencing proceeding, or in the sentence itself, to warrant waiver of the time limitations of Criminal Rule 35(a).[5] In addition, although Jones was informed by the court of his right to a sentence appeal, he did not file one.[6] This lack of concern over his sentence for six months, coupled with the consideration that no non-frivolous purpose for reconsideration has been presented, indicates that Jones has suffered no injustice sufficient to invoke Rule 53.

AFFIRMED.

---

4. Jones cites three federal cases: *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); *Warren v. United States*, 123 U.S.App.D.C. 160, 358 F.2d 527 (1965); and *Cade v. United States*, 311 A.2d 265 (D.C.App.1973). It appears that the *Fallen* and *Warren* cases were actually interpretations of Rule 35 in the face of evidence of injustice not stemming from "excusable neglect" on the part of the defendants. *See* Alaska R.Crim.P. 40(b)(2). In *Cade*, the court remanded the case to determine whether defendant's lawyer had promised to file a motion to reduce sentence, but failed to do so—which failure would apparently warrant relaxation of Rule 35. No such promise was made by Jones' attorney. To the extent that the *Cade* case would support the power of the superior court to relax the requirements of Rule 35, such power would be subsumed in Alaska under Rule 53.

5. It appears that within the appropriate time limit there was no new evidence upon which to base a motion for reconsideration. In a letter to Jones dated July 28, 1975, the Public Defender explained that everything possible to mitigate the sentence had been presented at the time of sentencing, and that no attempt was made to reduce the sentence because there was no new material to be presented.

Rule 35(b) provides the various grounds upon which a defendant may move for relief under Rule 35. Since there was no new evidence, and the defendant does not argue that the sentence was unconstitutional, subject to collateral attack, etc., we see no grounds upon which Jones could have legitimately moved for reconsideration under the rule. Under such circumstances, it might be improper for such a motion to be filed. *See* Alaska Code of Professional responsibility DR 7–102(A)(2). Jones appears to assert only that "my position would have been that I had everything to gain and nothing to loose (sic) by filing the motion to reduce . . . ."

6. Appellant in his reply brief suggests that filing a sentence appeal would "extend the time limitations for a motion to reduce under Rule 35 to more than one year's time." Absent some non-frivolous ground for such an appeal other than merely extending the time requirements of Rule 35, we cannot accept such an argument. We must assume that if Jones had substantive grounds upon which to appeal his sentence, he would have appealed it.