James WHEELES, Appellant,

v.

STATE of Alaska, Appellee.

No. 3046.

Supreme Court of Alaska.

July 22, 1977.

Allen L. Jewell, Hahn, Jewell & Stanfill, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ and CONNOR, Justices.

## OPINION

RABINOWITZ, Justice.

In March of 1974 an indictment was returned against James Wheeles in which he was charged with two counts of shooting with intent to kill, wound or maim and one count of assault with a dangerous weapon.[1]

---

1. AS 11.15.150 provides:

   A person who maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound or maim him is punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year.

   AS 11.15.220 provides:

   A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less that $100.

On April 8, 1975, Wheeles was sentenced to serve concurrent 8-year terms of imprisonment upon his pleas of guilty to one count of shooting with intent to kill, wound or maim and two counts of assault with a dangerous weapon. Thereafter, on April 11, 1975, a formal written judgment and commitment was entered by the superior court. On June 11, 1975, Wheeles filed a motion to reduce or modify sentence.

Criminal Rule 35(a) provides:

The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief.

After considering arguments of counsel, the superior court issued a memorandum and order on October 14, 1975, which stated, in part:

More than 60 days having elapsed between the date of entry of judgment and the filing of defendant's motion, I am of the opinion that this court lacks jurisdiction to grant the relief requested. Accordingly, defendant's motion is denied.

The superior court's order resulted from a previous colloquy between the court and counsel regarding the Rule 35(a) motion. Where relevant the record reflects the following exchange:

MR. MERRINER [assistant district attorney]: Perhaps if my calculations of this morning, Your Honor, are correct, we could answer that very quickly. If I understood Mr. Bryson [defense counsel],

the judgment was on the 11th of April and the filing of the petition was on 11 June, and I just looked at the calendar, and even . . . [i]f you don't count 11 April, 11 June falls on the 61st day.

.  .  .  .  .

But this is a matter of jurisdiction and I think we all agree on that. The only question is whether the petition itself is enough to give the court jurisdiction if it's within the 60 days, but if it falls on the 61st day, the court can't relax the rule. .  .  .

THE COURT: I assume my jurisdiction, if there is any, as being provided by statute. The court has no inherent power to modify a sentence or to grant probation for that matter. .  .  .

.  .  .  .  .

Well, . . . aside from computation, I'm further concerned as to whether or not—assuming even the motion was filed within 60 days—whether or not the court's jurisdiction to act is preserved by the simpl[e] filing of that motion. Or whether the motion and the court's action all has to occur within 60 days.[2]

No appeal was taken on Wheeles' behalf from the superior court's order of October 14, 1975, denying the Criminal Rule 35(a) motion to reduce or modify sentence.

No further proceedings were had in the matter until January 1976, at which time newly appointed counsel[3] for Wheeles filed a notice of appeal from the judgment and commitment which had been entered on April 11, 1975. On March 16, 1976, on motion of the state to dismiss the appeal, this court entered an order which read, in part:

THE COURT: It goes against my instincts, too, Mr. Bryson, but jurisdiction is  .  .  .  ..

MR. MERRINER: Jurisdiction is jurisdiction.

---

2. Concerning this last observation, the record shows that the following dialogue ensued:

MR. BRYSON: Then you are saying the defendant's rights would depend upon a court's ability to calendar the motion speedily?

THE COURT: That's exactly what I'm saying, I guess.

MR. BRYSON: That seems somehow to offend my natural inclinations of due process and  .  .  .  ..

3. Since appellant's right to perfect an untimely appeal hinged, in part, on whether he was given effective assistance of counsel by the Public Defender Agency, the superior court appointed private counsel.

The motion is granted, and the appeal is dismissed without prejudice to a motion to reinstate upon a proper showing as to the reasons for the late filing of the notice of appeal.

Instead of pursuing the procedure indicated in our order, counsel for Wheeles filed a motion for reconsideration of the superior court's order of October 14, 1975, denying Wheeles' motion for reduction or modification of his sentence. The motion for reconsideration was subsequently denied by the superior court and this appeal followed.

In our recent opinion in *Thomas v. State,* Opinion No. 1445, 566 P.2d 630 (Alaska 1977), we had occasion to comment upon the interplay between Criminal Rule 35(a) and Criminal Rule 53.[4] There the state argued that Criminal Rule 53 was not available to waive or relax the 60-day time limitation of Criminal Rule 35(a). In rejecting this contention, we said:

> We will not depart from *Jones* and, thus, take this occasion to reiterate our holding that Criminal Rule 53 is applicable to Rule 35(a) motions. More specifically, we hold that where a showing of injustice has been made under Rule 53, the 60-day time limitation contained in Rule 35(a) for bringing a motion to reduce a sentence may be dispensed with or relaxed. Rule 53 is intended to apply to any of Alaska's Criminal Rules in order to insure that strict adherence to one or more of our Criminal Rules of procedure will not result in manifest injustice to any party.[5] (footnote omitted)

■ We think it appropriate to note that at the time the superior court denied the motion to modify or reduce Wheeles' sentence, this court had not yet spoken concerning the relationship between Criminal Rule 35(a) and Criminal Rule 53. Approximately two months after the superior court entered its denial of the motion to modify or reduce, our opinion in *Davenport v. State,* 543 P.2d 1204 (Alaska 1975), was published. There we held:

> [T]he superior court lacks jurisdiction to review its own sentence, after it has entered a judgment on the matter, more than 60 days after it has imposed sentence.[6] (footnote omitted)

*Davenport* was subsequently distinguished in *Jones v. State,* 548 P.2d 958, 959 (Alaska 1976). We concluded in *Jones* and reiterated in *Thomas* that Criminal Rule 53 is applicable to Rule 35(a) motions.

■ We are thus brought to the question of what is a just solution to this procedural morass which has evolved at both the trial and appellate levels. We think *Jones* and *Thomas* require remand of this matter to the superior court for determination of the merits of appellant's Criminal Rule 35(a) motion for reduction or modification of sentence. Here the record shows that Wheeles' counsel entertained a bona fide belief that the Rule 35(a) motion had been timely filed. Additionally, we consider it significant that Wheeles himself requested that the Rule 35(a) motion be filed and subsequently tried to learn whether it had been filed within the 60-day period. Looking to the asserted grounds for the motion to reduce or modify, we note that appellant alleged:

> [T]he Court in shaping its sentence specifically prescribed that Mr. Wheeles 'be afforded psychological and psychiatric evaluation and treatment with the aim toward determining the basis for . . what I see is a violent tendency,' and that

---

**4.** Criminal Rule 53 reads:
> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

**5.** *Thomas v. State,* Opinion No. 1445, 566 P.2d 630 at 639 (Alaska 1977).
In *Jones v. State,* 548 P.2d 958, 959 (Alaska 1976), we said:

> AS 12.55.080 only provides a 60-day limit for suspending the imposition, execution or balance of a sentence, or for placing the defendant on probation. *See* Rule 35(a). This does not mean, however, that in a clear case of injustice we would be unable to act. Rule 35(a) would be subject to Alaska R.Crim.P. 53, which allows relaxation of the rules if injustice will result.

**6.** 543 P.2d at 1211.

'the defendant receive diagnosis and treatment for . . . what I believe to be his problem with alcohol or alcohol abuse.' . . . [A]nd that due to the subsequent actions of the Division of Corrections, Mr. Wheeles was classified to the State Correctional Facility at Juneau, an institution which does not afford psychiatric treatment and provides minimal assistance with alcohol treatment. This motion is further based upon the fact that although the court provided that Mr. Wheeles be eligible for parole at any time, the classification scheme and his resultant placement has not afford[ed] him the treatment which would be necessary to allow him to qualify for such an early parole.

Given the foregoing factors, we think it would work an injustice if the 60-day time limitations of Criminal Rule 35(a) were not relaxed pursuant to the provisions of Criminal Rule 53.

The matter is remanded to the superior court with directions to determine the merits of appellant's Criminal Rule 35(a) motion to reduce or modify.