**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALVADOR ALONSO-ALDAMA,

Defendant - Appellant.

No. 09-50104

D.C. No. 3:86-CR-00824-BTM-3

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted January 12, 2010
Pasadena, California

Before: CANBY, HALL, and O'SCANNLAIN, Circuit Judges.

On May 11, 1987, Appellant Salvador Alonso-Aldama was convicted of (1)
conspiracy to import a Schedule I Controlled Substance into the United States; (2)
importation of a Schedule I Controlled Substance into the United States; (3)
conspiracy to possess, with the intent to distribute, a Schedule I Controlled

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Substance; and (4) possession, with the intent to distribute, a Schedule I Controlled Substance. On June 25, 2008, Appellant filed a motion to reconsider his sentence under the pre-1987 version of Federal Rule of Criminal Procedure 35(b). The district court denied his motion, and Appellant timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Appellant's Rule 35(b) motion was due by September 16, 1988, 120 days after the district court received the Ninth Circuit mandate affirming his conviction and sentence. Rule 35(b)'s filing deadline is jurisdictional and has been characterized as mandatory and rigid in this circuit. *United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990); *United States v. Smith*, 650 F.2d 206, 209 n.2 (9th Cir. 1981); *Sanchez v. United States*, 572 F.2d 210, 211 (9th Cir. 1977).

Although other circuits have extended the 120-day deadline in narrow circumstances, *Gov't of the Virgin Islands v. Gereau*, 603 F.2d 438, 442 (3rd Cir. 1979); *Dodge v. Bennett*, 335 F.2d 657, 658 (1st Cir. 1964); *Warren v. United States*, 358 F.2d 527, 530-31 (D.C. Cir. 1965), Appellant is not entitled to equitable tolling even under the standards set forth in those cases. Although he was deported to Mexico prior to the denial of his appeal, nothing prevented him from filing a Rule 35(b) motion to reduce his sentence while he was in Mexico. He was obligated as a condition of his bond pending appeal to remain apprised of

the status of his appeal, to remain in contact with the clerk's office, and to remain in the state of California. He was in contact with his lawyer and his ex-wife—who lived in California—after he was deported, and he made no effort to reduce his sentence through them.

Even if this circuit were to recognize an equitable tolling doctrine under the former Rule 35(b), Appellant made no effort to file a Rule 35 motion, and the government did not prevent him from doing so. *United States v. Peltier*, 312 F.3d 938, 941 (8th Cir. 2002); *United States v. Blanton*, 739 F.2d 209, 213 (6th Cir. 1984).

The district court therefore lacked jurisdiction to reconsider Appellant's sentence. Whether Appellant's changed physical condition merits early release is a matter within the purview of the Parole Commission. *United States v. Addonizio*, 442 U.S. 178, 189 (1979).

**AFFIRMED.**