NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

CHRISTOPHER J. O'DELL,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11986
Trial Court No. 3AN-12-2149 CR

O P I N I O N

No. 2491 — February 5, 2016

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael L. Wolverton, Judge.

Appearances: Evan Chyun, Assistant Public Advocate, and Richard Allen, Public Advocate, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

Alaska Criminal Rule 53 grants broad authority to trial court judges to relax the other Rules of Criminal Procedure; Rule 53 declares that the criminal rules "may be

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice." The question presented in this appeal is whether a trial court can employ Criminal Rule 53 to relax the 90-day filing deadline specified in Criminal Rule 32.6(c)(2) for restitution requests that are to be litigated after the defendant's sentencing.

The defendant in this case, Christopher J. O'Dell, was convicted of theft, and he was sentenced to pay restitution to his victims in an amount to be determined later. Under these circumstances, Criminal Rule 32.6(c)(2) gave the State 90 days to file a proposed restitution order that specified (and justified) the amount of restitution, and that identified the persons who should receive it.

When the State filed the proposed restitution order seven months late, O'Dell asked the superior court to deny the State's request as untimely. But the superior court invoked Criminal Rule 53 to relax the filing deadline and grant the proposed restitution. The court concluded that the 90-day time limit should be relaxed under Rule 53 because it would be manifestly unjust to deny recovery to O'Dell's victims, given that O'Dell did not claim that he was prejudiced by the State's delay.

In this appeal, O'Dell contends that the superior court committed error when the court relied on Criminal Rule 53 to relax the filing deadline specified in Criminal Rule 32.6(c)(2). Indeed, O'Dell essentially argues that Criminal Rule 53 can never be employed to relax *any* deadline specified in the Criminal Rules.

O'Dell notes that another rule, Criminal Rule 40(b), specifically addresses a court's authority to extend a time limit or to ratify an untimely act in situations where an act "is required or allowed to be done at or within a specified time" by a provision of the Criminal Rules. O'Dell argues that, because Criminal Rule 40(b) directly addresses these situations, it is unlawful for a court to employ Criminal Rule 53 (*i.e.*, a rule of broader application) to relax a filing deadline specified in the Criminal Rules.

This argument is raised for the first time on appeal. Thus, to prevail, O'Dell must show that no reasonable judge could have thought that the law allowed the judge to relax the State's filing deadline under Criminal Rule 53.

For the reasons explained in this opinion, O'Dell has not shown this. We therefore reject O'Dell's claim that Criminal Rule 53 has no application to the filing deadline specified in Criminal Rule 32.6(c)(2).

We also reject O'Dell's alternative argument that he was prejudiced by the State's late filing because he had come to believe (during the months of delay) that even if the State ultimately filed a tardy restitution request, the superior court would deny the request because it was untimely.

*Underlying facts*

Christopher O'Dell pleaded no contest to two counts of second-degree theft (for stealing property from a residence while a friend of his was house-sitting there)[1] and one count of third-degree weapons misconduct (for being a felon in possession of a concealable firearm — because there were four handguns among the stolen items).[2]

At O'Dell's sentencing hearing in mid-December 2012, his attorney told the superior court that O'Dell wanted to take responsibility for his offenses, and that O'Dell was willing to accept any sentence the court imposed. A little later, when O'Dell personally addressed the court during his allocution, O'Dell declared that even though he was only one member of the group that stole the items from the residence, "[he]'d be willing to repay the entirety of the restitution owed to [the victims] if ... that would help

---

[1]    AS 11.46.130(a).

[2]    AS 11.61.200(a)(1).

make them forgive [him]." O'Dell also told the court that he "[would] be willing to do whatever it takes" to prove that he was not the kind of person that his criminal conduct indicated he was.

The superior court sentenced O'Dell to a term of imprisonment and also ordered him to pay restitution in an amount to be set later.

This latter portion of O'Dell's sentence triggered the provisions of Alaska Criminal Rule 32.6(c)(2). This rule governs situations where either the amount of the restitution or the proper recipients of the restitution are not known to the court at the time of sentencing — meaning that the final restitution order can not be entered until after sentencing. Under this rule, the prosecutor has 90 days to file a proposed restitution judgement that specifies the identity of the persons who should receive restitution, and that explains (and documents) the amount they should receive.

Because O'Dell's sentencing took place in mid-December 2012, the 90-day time limit in Rule 32.6(c)(2) gave the prosecutor until mid-March 2013 to file the proposed restitution judgement. But the State did not file the proposed judgement until October 7th.

Because the State's proposed judgement was almost seven months late, and because O'Dell had apparently changed his mind about what he said at the sentencing hearing, O'Dell urged the superior court to deny the requested restitution in its entirety.

In response, the State attempted to explain its delay by pointing out that the case against one of O'Dell's accomplices was not resolved until June 2013, and that the victims did not provide the State with the full information needed to support their restitution claim until August. The State also asked the superior court either to relax the

filing deadline under Criminal Rule 40(b) because of the State's "excusable neglect"[3] or, alternatively, to invoke Criminal Rule 53 to relieve the State of its default because it would be manifestly unjust to enforce the deadline.

In O'Dell's reply to the State's pleading, he argued that the State had failed to show excusable neglect, and he also argued that enforcing the filing deadline would not be manifestly unjust.

The superior court ruled that the filing deadline should be relaxed under Criminal Rule 53. In its written decision, the court expressed concern that the State was repeatedly failing to honor the 90-day time limit established in Criminal Rule 32.6(c)(2). The court also noted that it had recently sustained a defendant's objection to a late filing in a different case.

However, the court relaxed the deadline and granted the proposed restitution in O'Dell's case. The court concluded that the time limit should be relaxed under Criminal Rule 53 because it would be manifestly unjust to deny recovery to O'Dell's victims, given that O'Dell did not claim that he was prejudiced by the State's delay.

O'Dell now appeals the superior court's decision.

---

[3] Alaska Criminal Rule 40(b)(2) states that a court may, upon motion, "permit [an] act to be done after the expiration of the specified period [for doing it] if the [party's] failure to act was the result of excusable neglect". (Rule 40(b) lists certain deadlines that can not be extended under the rule, but none of them are pertinent here.)

*O'Dell's argument that Criminal Rule 53 can never be employed to relax a filing deadline if Criminal Rule 40(b) applies*

O'Dell's primary argument on appeal is that the superior court committed legal error by invoking Criminal Rule 53 as the court's authority for relaxing the filing deadline set by Criminal Rule 32.6(c)(2).

O'Dell notes that Criminal Rule 40(b) specifically addresses the issue of when, and whether, a court should relax a filing deadline specified in the Criminal Rules. O'Dell then notes that there is a canon of statutory construction that, when there is a statute or rule that specifically addresses a subject, the provisions of that specific statute or rule should be interpreted as taking precedence over the provisions of a more general statute or rule that also covers that subject. [4]

Relying on this canon of statutory construction, O'Dell argues that the more stringent provisions of Criminal Rule 40(b) must take precedence over the provisions of Criminal Rule 53 — even when a court concludes that a strict application of Criminal Rule 40(b) will lead to manifest injustice.

If we were writing on a blank slate, O'Dell's argument might be plausible. But we are not. The Alaska Supreme Court has already addressed this issue. In *Thomas v. State*, 566 P.2d 630, 638-39 (Alaska 1977), the supreme court held that Criminal Rule 53 authorizes trial courts to relax time limits in instances of manifest injustice even when the relaxation would not be allowed under Criminal Rule 40(b).

The specific question presented in *Thomas* was whether the superior court could invoke Criminal Rule 53 to relax the 60-day time limit established for motions to modify a sentence under a former version of Criminal Rule 35(a). The State, in opposing the defendant's late-filed motion to modify, made the very same argument that O'Dell

---

[4] *See Smith v. State*, 229 P.3d 221, 226 & n. 3 (Alaska App. 2010).

is making here: that Criminal Rule 40(b) expressly addresses the subject of relaxing filing deadlines, so the provisions of Rule 40(b) must take precedence over the more general authority granted by Criminal Rule 53:

> The state takes the position that the prohibitions on enlargement of time for a Rule 35(a) motion contained in Criminal Rule 40(b) supersede the provisions of Criminal Rule 53, since Criminal Rule 53 is a general provision and Criminal Rule 40(b) refers specifically to Rule 35 as to any possible exceptions to the prohibition on enlargement of time under Rule 35(a).

And here is how the supreme court answered the State's argument:

> We ... take this occasion to reiterate our holding that Criminal Rule 53 is applicable to Rule 35(a) motions. More specifically, we hold that where a showing of injustice has been made under Rule 53, the 60-day time limitation contained in Rule 35(a) for bringing a motion to reduce a sentence may be dispensed with or relaxed. *Rule 53 is intended to apply to any of Alaska's Criminal Rules in order to insure that strict adherence to one or more of our Criminal Rules of Procedure will not result in manifest injustice to any party.*

*Thomas*, 566 P.2d at 638-39 (emphasis added).

In his brief to this Court, O'Dell acknowledges that the supreme court's decision in *Thomas* appears to reject his argument. But O'Dell contends that *Thomas* is distinguishable from his case.

O'Dell notes that *Thomas* involved the relaxation of a time limit established by former Criminal Rule 35(a) — an issue on which there was already case law (*Jones*

*v. State*, 548 P.2d 958 (Alaska 1976)) — while O'Dell's case involves the relaxation of a time limit established by a different rule, Criminal Rule 32.6(c)(2).

There is no binding precedent directly addressing the application of Criminal Rule 53 to the time limit for restitution requests codified in Rule 32.6(c)(2). But O'Dell argues that this Court's unpublished opinion in *Osborne v. State*, 2014 WL 3408410 (Alaska App. 2014), supports his position that Rule 53 can not be applied to relax the deadline specified in Rule 32.6(c)(2).

(Although *Osborne* is a memorandum opinion, and is therefore not binding precedent, O'Dell is allowed to rely on *Osborne* for its persuasive value. See *McCoy v. State* (opinion on rehearing), 80 P.3d 757, 764 (Alaska App. 2002), and Alaska Appellate Rule 214(d)(1).)

In *Osborne*, the superior court relied on Criminal Rule 53 to relax the State's filing deadline for a restitution request. We noted that the superior court "excused the State's late filing in the interest of justice under Criminal Rule 53", but we noted that "the rule that directly governs this situation is Criminal Rule 40." 2014 WL 3408410 at *2. We went on to conclude that, under the facts, the State's late filing was excusable under the provisions of Criminal Rule 40(b)(2). *Ibid.*

O'Dell argues that *Osborne* stands for the proposition he is advancing in this appeal — that Criminal Rule 53 can not be used to relax a filing deadline if Criminal Rule 40(b)(2) applies. But O'Dell reads *Osborne* too broadly.

*Osborne* supports the proposition that a trial court should not rely on Criminal Rule 53 to relax a filing deadline if that same result can be reached under the provisions of the more specific rule, Criminal Rule 40. Because the State's tardiness in *Osborne* was excusable under Criminal Rule 40, there was no need for this Court to reach the question we now confront in O'Dell's case: whether Criminal Rule 53 is available if a late filing is *not* excusable under Criminal Rule 40.

The supreme court's decision in *Thomas* expressly states that Criminal Rule 53 "is intended to apply to *any* of Alaska's Criminal Rules in order to insure that strict adherence to [those rules] will not result in manifest injustice". *Thomas*, 566 P.2d at 639 (emphasis added). We therefore conclude that the superior court did not commit plain error in O'Dell's case when it invoked Criminal Rule 53 as its authority for relaxing the 90-day filing deadline set by Criminal Rule 32.6(c)(2).

*O'Dell's argument that he was prejudiced by the State's delay in filing the restitution request*

As an alternative argument, O'Dell asserts that he was prejudiced by the State's delay in filing the restitution request.

However, O'Dell does not assert that he was "prejudiced" in the sense that the State's delay hampered his ability to dispute the specifics of the restitution claim, or in the sense that he disposed of his income or assets in detrimental reliance on the fact that the State had apparently decided not to press for restitution.

Rather, O'Dell's claim of prejudice is based on the fact that O'Dell's attorney falsely raised his hopes that he would not have to pay restitution after all. (O'Dell's attorney apparently told him, mistakenly, that the State's long delay in filing the restitution request meant that the State would be barred from seeking restitution.) In such circumstances, O'Dell asserts, "having to pay the [restitution] judgment is itself prejudicial."

O'Dell made this same argument to the superior court — that his thwarted expectation of escaping restitution altogether constituted "prejudice". But the superior court apparently rejected O'Dell's legal characterization of the situation, because the superior court's order states that O'Dell failed to show any prejudice.

We agree with the superior court that O'Dell's false hopes regarding this matter, and O'Dell's subsequent disappointment when the court accepted the State's tardy restitution request, do not constitute legally cognizable "prejudice" for these purposes.

*A final note on potential methods for enforcing the 90-day deadline codified in Criminal Rule 32.6(c)(2)*

There are good reasons why Criminal Rule 32.6(c)(2) specifies a filing deadline for restitution requests, and there are good reasons why this deadline should be enforced.

This deadline imposes a duty on prosecutors, so that a crime victim's right to restitution does not go unattended. But the deadline also exists for the court's benefit as well — because, until the State files its proposed restitution order and supporting documentation, and until the proposed restitution is litigated, the court's judgement will not be final in all respects.

But as O'Dell points out in his brief, there is currently no effective mechanism for enforcing this deadline. We agree with O'Dell that it is unfair to require the defendant to police this deadline by warning the court, or seeking the court's intervention, when the filing deadline is on the brink of expiring. Although timely resolution of restitution may also benefit the defendant, the primary beneficiary is the crime victim — and, thus, the primary responsibility for meeting the filing deadline falls on the prosecutor.

The prosecutor bears this responsibility because restitution presents an unusual situation — a situation where, by statute[5] and rule,[6] the prosecutor's office represents the interests of private third-parties (*i.e.*, crime victims). One might hope that crime victims could rely on the prosecutor's office to faithfully perform this role. But crime victims have limited leverage when the process breaks down.[7]

One approach courts might take would be to have someone in the Court System — for example, the clerk's office, or the judges' judicial assistants — keep track of the number of days elapsed since the original entry of judgement in all cases where the amount of restitution is left unresolved. The sentencing judge could then be alerted if the deadline in a particular case was approaching and no proposed restitution order had been received — so that the judge could take action to elicit the restitution proposal from the State (or a motion to extend the deadline) in a timely fashion.

*Conclusion*

The judgement of the superior court is AFFIRMED.

---

[5]   AS 12.55.045.

[6]   Alaska Criminal Rules 32.1(g) and 32.6.

[7]   We note that the legislature has expressly exempted the prosecutor's office from civil liability for failing to enforce a judgement of restitution. *See* AS 12.55.051(i).