# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY


STATE OF DELAWARE,        )
                                        )
                                        )

**v.**                             )          **ID No. 1411002179**
                                          )
                                        )

**CHARLES R. COLBURN,**    )
                                        )
              **Defendant.**    )


Submitted: March 30, 2015
Decided: April 24, 2015

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 24th day of April, 2015, upon consideration of the Defendant's Motion for Sentence Reduction/Modification, and the record in this matter, it appears to the Court that:

(1)    On January 7, 2015, Charles R. Colburn pleaded guilty to Drug Dealing – Heroin (as a class B felony), Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited ("PFBPP"), admitted to a then-pending violation of probation at a fast-track violation of probation ("VOP") calendar,[1] and

---

[1]    *See Perry v. State*, 741 A.2d 359, 361 n.3 (Del. 1999) ("The Delaware Superior Court [ ] places a VOP case on the 'fast track' calendar when the violator has been

joined with the State on a sentencing recommendation.[2] He did so in exchange for dismissal of the remaining charges and the favorable joint sentencing recommendation (the State's withholding of an habitual criminal petition[3] and request for nine years unsuspended imprisonment).[4] Mr. Colburn was immediately sentenced to serve: (1) PFDCF – five years at Level V; (2) PFBPP – two years at Level V; and (3) drug dealing – 25 years at Level V suspended after serving two years for diminishing levels of supervision and intensive probation.[5] The first seven years of his cumulative

---

charged with new crimes.") Mr. Colburn was on that calendar because he was serving a probated sentence for his 2012 aggravated drug possession conviction when he committed this new drug crime. *See* Sentencing Order, *State v. Charles R. Colburn*, ID No. 1202000065 (Del. Super. Ct. May16, 2013) (D.I. 24).

[2]    Plea Agreement and TIS Guilty Plea Form, *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 7, 2015).

[3]    DEL. CODE ANN. tit. 11, § 4214(a) (2014) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal offender; the Court may then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[4]    Plea Agreement, at 1 ("State and Defendant agree to recommend:  a sentence incorporating a total of non-suspended Level Five time of nine years.").

[5]    Sentencing Order, *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 7, 2015).  Mr. Colburn was discharged from probation as unimproved for the companion VOP count in return for his plea agreement and sentencing in this matter. VOP Sentencing Order, *State v. Charles R. Colburn*, ID No. 1202000065 (Del. Super. Ct. Jan. 7, 2015) (D.I. 31).

sentence are comprised of minimum terms of incarceration that must be imposed and cannot be suspended.[6]

(2) Mr. Colburn filed no direct appeal from his convictions or sentence.

(3) Instead, Mr. Colburn docketed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his cumulative nine-year Level V term by two years.[7] In short, Mr. Colburn asks the Court to suspend the entire two years of imprisonment imposed for the PFBPP count.[8] According to Mr. Colburn, his term of imprisonment should be reduced because: (1) he is now engaged in rehabilitative programming in

---

[6] DEL. CODE ANN. tit. 11, §§ 1447A(c) & (d) (2014) ("A person convicted [of PFDCF], and who has been at least twice previously convicted of a felony in this State or elsewhere, shall receive a minimum sentence of 5 years at Level V . . . [and a]ny sentence imposed for a violation of this section shall not be subject to suspension . . ."); *id.* at tit. 16, § 4752(1) (2014); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[7] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8] The drug dealing and PFDCF sentences cannot be reduced. *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original). Consequently, Mr. Colburn appears to make no application regarding these terms of his sentence and the Court addresses them no further here.

prison and wishes to start a non-profit organization when released; (2) he has family support for these efforts; (3) he believes he has employment opportunities when released; (4) he faced familial and personal hardship as a child and young person; and (5) this term of imprisonment far exceeds any prior sentence he served.[9]

(4)     The Court may consider such a motion "without presentation, hearing or argument."[10]   The Court will decide this motion on the papers filed.[11]

(5)     The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[12]   Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[13]   "The reason for such a

---

[9]     Def.'s Rule 35(b) Mot., at 2.

[10]     Super. Ct. Crim. R. 35(b).

[11]     When considering motions for sentence reduction, this Court addresses any applicable procedural bars before turning to the merits. *State v. Redden*, __ A.3d __, __, 2015 WL 632318, at *2 (Del. Super. Ct. Feb. 16, 2015).   There are no bars to the consideration of Mr. Colburn's request under Rule 35(b).

[12]     *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[13]     *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[14]

(6)  The Court has examined Mr. Colburn's claim – *i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh – on the merits.  Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[15]

(7)  It is worth mentioning first that Mr. Colburn expressly agreed to the sentence imposed ("a sentence incorporating a total of non-suspended Level Five time of nine years"),[16] obtained the benefit of that express agreement, and then, only 71 days thereafter, expressly asked the Court to undercut that agreement for him by striking two years from his sentence.

---

[14]  *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).  *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (explaining under Alaska's then-extant120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy").

[15]  *Hewett*, 2014 WL 5020251, at *1.  *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[16]  Plea Agreement and TIS Guilty Plea Form, *State v. Charles R. Colburn*, ID No. 1411002179 (Del. Super. Ct. Jan. 7, 2015).

While not controlling, that is a proper factor for the Court to weigh when, as here, it is considering a timely Rule 35(b) motion.[17]

(8) That said, the Court has fully reviewed Mr. Colburn's application, the record of his case, Mr. Colburn's prior supervision history, and all sentencing information available. The Court noted the following aggravators in its sentencing order: (1) Mr. Colburn's statutory habitual criminal status; and (2) that this was a negotiated plea and sentencing recommendation.[18] Further, Mr. Colburn has demonstrated a lack of amenability to community supervision as evidenced by his numerous previous violations of probation related to his multiple drug offenses. The Court finds that when all sentencing factors in his case are considered, Mr. Colburn's stated aspirations may be commendable, but they do not compel a sentence reduction here. Instead, after thorough review of the merits of Mr. Colburn's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

---

[17] *See Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) (by citing *Mayes v. State*, 604 A.2d 839 (Del. 1992) our Supreme Court makes it clear that the "sound discretion" this Court exercises in determining the merits of a timely Rule 35(b) motion is coextensive with the discretion this Court exercises when first imposing the subject sentence); *and see Lake v. State*, 1984 WL 997111, at *1 (Del. Oct. 29, 1984) (observing the "wide discretion" this Court has – which includes the latitude to consider "almost any factor" – in making a sentencing determination).

[18] Sentencing Order, at 3.

(9)     Accordingly, the Court will exercise its discretion under Rule 35(b)[19] and **DENY** Mr. Colburn's request to reduce his term of imprisonment.

**SO ORDERED this 24th day of April, 2015.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:  Brian J. Robertson, Deputy Attorney General
     Allison S. Mielke, Jr., Esquire
     Mr. Charles R. Colburn, *pro se*
     Investigative Services Office

---

[19]     *Rondon*, 2008 WL 187964, at \*1 ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").