# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **ID No. 1703022008** |
| | ) | **Cr. A. No. 17-04-0905** |
| RICHARD C. WHITE, | ) | |
| Defendant. | ) | |

Submitted: May 3, 2019
Decided: May 15, 2019

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 15ᵗʰ day of May, 2019, upon consideration of the Defendant Richard C. White's *pro se* Motion for Sentence Reduction (D.I. 32), his post-appeal supplement thereto (D.I. 37), the State's response (D.I. 38), and the record in this matter, it appears to the Court that:

(1)    In September of 2017, a grand jury indicted White for 11 counts of Rape in the Second Degree, one count of Continuous Sexual Abuse of Child, one count of Dangerous Crime Against a Child, five counts of Sexual Exploitation of a Child, one count of Dealing in Child Pornography, and six counts of Possession of Child Pornography.[1]

(2)    These 25 felonies arose from a five-year course of sexual abuse that began when the victim, an acquaintance of one of White's children, was just twelve

---

[1]    Indictment, *State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. Sept. 5, 2018) (D.I. 6).

years-old. The victim described how their contact began in November 2012 when White—then a 36-year-old father of twin boys—started texting her. Within a few months, White began to regularly pick the prepubescent victim up from her home or school, take her back to his house, and engage in multiple acts of intercourse and sexual penetration with her. White would use still photography and cellphone video to record what became weekly sessions. Eventually, when White lost his home, he would take his victim to parking lots, parks, and other public places for sexual encounters. As the victim got older and more resistant to White's actions, he would use manipulation or threats to continue having sex with her. The victim was terrified to tell anyone of White's exploitation. She explained that she felt trapped for the five years of abuse and simply did not how to get out; every time she would mention stopping the sexual routine with White, he would threaten to tell people about their "relationship," threaten suicide, or threaten to publish the videos and photographs. The abuse ended in March 2017 when the victim finally confided in her softball coach what White had been doing.

(3)     White pleaded guilty to a single count of Rape in the Second Degree.[2] He did so in exchange for dismissal of all of the remaining charges and the State's

---

[2]     Plea Agreement and TIS Guilty Plea Form, *State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. Jan. 16, 2018) (D.I. 15).

favorable sentencing recommendation.[3]  The guilty plea colloquy confirms that White's decision to enter his guilty plea was knowing, voluntary, and the product of an intelligent decision made with an adequate opportunity to discuss all aspects of his case with counsel.[4]  Most importantly here, White confirmed both verbally and in writing that he was well-aware he faced a minimum mandatory term of 25 years imprisonment and the potential of a life sentence.[5]

(4)  Following a presentence investigation, White was sentenced on May 18, 2018.  The Court considered White's counsel's presentation, his background, his expressions of remorse both before and at sentencing, the devastation visited on White's family by his acts, the many letters of familial support, and "every piece of sentencing information in this case."[6]  The Court considered those many factors in light of the aggravators present and determined that White should serve the rest of

---

[3]  *Id.* ("Pursuant to 11 Del. C. 4205A[, the] defendant is subject to a minimum mandatory 25 years of unsuspended Level 5 time.  State will agree to cap recommendation at 25 years Level V.").

[4]  *See* Plea Colloquy Tr., at 9-10 (D.I. 28).

[5]  *Id.* at 3, 7; Plea Agreement and TIS Guilty Plea Form, at 2.

[6]  *See* Sent. Hrg. Tr., at 4-9 (D.I. 27).

his natural life in prison.[7] And the Court, as it should, articulated then its reasons for such sentence.[8]

(5)     White docketed a timely direct appeal.[9] White then timely filed a *pro se* motion under Superior Court Criminal Rule 35(b)[10] requesting reduction of the Level V term of his sentence.[11] The Court stayed and deferred decision on White's motion while his appeal was pending.[12] In November 2018, White's conviction and sentence were affirmed.[13]

---

[7]     Sentencing Order, *State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. May 18, 2018) (D.I. 21). The first 25 years of White's sentence is comprised of the minimum mandatory term of incarceration that had to be imposed and could not be suspended. *See* DEL. CODE ANN. tit. 11, §§ 772 and 4205A (2012) (providing that for rape second degree of a child, the Court, upon the State's application, "shall sentence a defendant . . . to not less than 25 years up to life imprisonment to be served at Level V").

[8]     *E.g.*, DEL. CODE ANN. tit. 11, § 4202(n) (2012); DEL. SUPR. CT. ADMIN. DIR. 76 (1987).

[9]     *See* Not. of Appeal, *Richard White v. State of Delaware*, No. 300, 2018 (Del. filed June 8, 2018).

[10]     *See* Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[11]     Def. Rule 35(b) Mot. (D.I. 32)

[12]     *See State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. Aug 21, 2018) (D.I. 33) (order staying White's Rule 35(b) motion during pendency of appeal); Super. Ct. Crim. R. 35(b) ("The court may decide the motion or defer decision while an appeal is pending.").

[13]     *White v. State*, 2018 WL 6167326 (Del. Nov. 21, 2018).

(6) Now that White's appeal has been decided and he has had the opportunity to supplement his sentence reduction request, the Court will address White's Rule 35(b) motion. According to White, his term of imprisonment should be reduced "to anything other than natural life" because: (a) he believes he has now been properly diagnosed and medicated for mental health issues; (b) he believes there were irregularities in the presentence process; (c) he is truly remorseful; (d) he believes he received ineffective assistance of counsel in accepting his plea and at sentencing; (e) his family has experienced great hardship; and (f) his rough comparison of what he believes to be comparable cases suggests his is a disproportionate sentence.[14]

(7) White's allegations that he received "ineffective representation," *i.e.*, that the integrity of his guilty plea might now be questioned, is not cognizable under Rule 35. A motion to reduce a sentence under Rule 35 presupposes a valid conviction.[15] So if relief for such a claim is even available to White, it would only be so via postconviction proceedings which provide a procedure for a criminal

---

[14] Def. Rule 35(b) Mot. (D.I. 32); Def. Rule 35(b) Supp. (D.I. 37)

[15] *See State v. Lewis*, 797 A.2d 1198, 1200 (Del. 2002) ("Rule 61 addresses post-conviction relief, which requires a legal challenge to the conviction, whereas Rule 35(b) allows a reduction of sentence, without regard to the legality of the conviction."); *see also Poole v. United States*, 250 F.2d 396, 401 (D.C. Cir. 1957) (Rule 35 motion for reduction of sentence "is essentially a plea for leniency and presupposes a valid conviction. . . . It is wholly inappropriate to test [via Rule 35] the propriety of allowing a guilty plea to stand.").

defendant to seek to set aside a conviction.[16] So too if White seeks to attack his sentence as supposedly a product of ineffective assistance.[17]

(8) The Court may consider the remaining discernable claims of White's sentence reduction motion "without presentation, hearing or argument."[18] The Court will decide this motion on the papers filed. When considering motions for sentence reduction, the Court addresses any applicable procedural bars before turning to the merits.[19] As White's motion was timely filed, the Court finds there are no bars to the consideration his request under Rule 35(b).

(9) The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[20] Where a motion for reduction of sentence of imprisonment

---

[16] *See Wilson v. State,* 2006 WL 1291369, at *1 n.3 (Del. May 9, 2006) (explaining that court should "consider the true substance of [an inmate's] claim" to discern whether it is relief either under Rule 61 or under Rule 35 that is cognizable); *see also Childress v. State,* 1999 WL 971087, at *1 (Del. Oct. 5, 1999) ("The narrow function of Rule 35 is to permit the correction of an illegal sentence [or a sentence imposed in an illegal manner] . . . Rule 61 governs the procedure upon which a person may attack a conviction.").

[17] *See Brawley v. State,* 1992 WL 353838, at *1 (Del. Oct. 7, 1992) (an inmate who claims ineffective assistance at sentencing brings a postconviction motion through which he must show that "there is a reasonable probability that, but for the counsel's error, the result of [his] sentencing would have been different"); *State v. Torres,* 2015 WL 5969686, at *11 (Del. Super. Ct. Oct. 2, 2015).

[18] Super. Ct. Crim. R. 35(b).

[19] *State v. Redden,* 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[20] *Johnson v. State,* 234 A.2d 447, 448 (Del. 1967) (per curiam).

is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[21] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[22]

(10) White's core claim – *i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh – has been on the merits. A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and timely Rule 35(b) motion is made.[23] And under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[24]

---

[21] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[22] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy). *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (explaining under Alaska's then-extant120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy").

[23] *See Remedio*, 108 A.3d at 331-32 (citing cases).

[24] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

(11) To guide it in exercising this discretion, the Court has fully reviewed White's application, the record of his case, White's prior criminal history, all pre-sentence materials, and all sentencing information available.[25]

(12) The Court first articulated its reasons for White's life sentence both on the record and in its sentencing order.[26] As noted then, the Court found and relied on the following compelling aggravators:

> (i) the particular vulnerability of the victim in this case, she was 12 years of age when the abuse began; (ii) the duration of this pattern of sexual abuse was extraordinary, this was a pattern of five years of persistent and insidious conduct during which [White] "groomed" the victim through threats of exposure and instilling guilt; (iii) a definitive term of years, even the substantial minimum term, would unduly depreciate the nature and circumstances of the pattern of abusive activity and the damage to the victim wrought by [White's] acts.[27]

The Court still finds those aggravators of overwhelming weight. So, when all sentencing factors in White's case are considered, his suggestions do not warrant a reduction of sentence here.

---

[25]     See Rondon v. State, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) (by citing Mayes v. State, 604 A.2d 839 (Del. 1992) our Supreme Court makes it clear that the "sound discretion" this Court exercises in determining the merits of a timely Rule 35(b) motion is coextensive with the discretion this Court exercises when first imposing the subject sentence); Lake v. State, 1984 WL 997111, at *1 (Del. Oct. 29, 1984) (observing the "wide discretion" this Court has in making a sentencing determination includes "the latitude to consider all information pertaining to a defendant's personal history and behavior" and "almost any factor including prior criminal charges, hearsay, and other information normally inadmissible for the purpose of determining guilt.").

[26]     E.g., DEL. CODE ANN. tit. 11, § 4202(n) (2012); DEL. SUPR. CT. ADMIN. DIR. 76 (1987).

[27]     Sent. Hrg. Tr., at 7-10; Sentencing Order, at 2.

(13)  After thorough review of the merits of White's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.  Accordingly, the Court will exercise its discretion under Rule 35(b)[28] and **DENY** White's request to reduce his life term.

**SO ORDERED this 15th day of May, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     Diana A. Dunn, Deputy Attorney General
        Raymond D. Armstrong, Esquire
        Richard C. White, *pro se*

---

[28]     *Rondon*, 2008 WL 187964, at *1 ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").