William Thomas TAYLOR, Appellant,

v.

STATE of Alaska, Appellee.

No. 2924.

Supreme Court of Alaska.

June 8, 1977.

Peter J. Aschenbrenner and Richard Savell, Aschenbrenner & Savell, Fairbanks, for appellant.

David Mannheimer, Asst. Dist. Atty., and Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J., Pro Tem.

RABINOWITZ, Justice.

In January of 1974, an indictment was returned against William Thomas Taylor charging him in separate counts with the offenses of robbery and use of a firearm during the commission of robbery.[1] Pursuant to a negotiated plea agreement, Taylor, on February 11, 1974, pled guilty to the charge of use of a firearm during the commission of robbery. On April 1, 1974, the superior court sentenced Taylor to serve a term of imprisonment of 10 years, the minimum statutory term. The sentence was made to run concurrently with a 2-year sentence imposed on Taylor in a probation revocation proceeding.[2]

In February of 1976, Taylor, acting pro se, filed a motion to modify sentence and a

---

1. AS 11.15.240 provides:

 A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

 AS 11.15.295 provides:

 A person who uses or carries a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment

 for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years.

2. This aspect of the superior court's sentence was also in accord with the negotiated disposition of the case. As part of the plea agreement, the state dismissed the robbery count. Throughout the plea negotiations and sentencing proceedings, Taylor was represented by his court appointed counsel, Stephen Cline of the Public Defender Agency.

motion to appoint counsel.[3] The motion to modify sentence was made pursuant to Rule 35(a), Rules of Criminal Procedure.[4] In support of the modification motion Taylor catalogued sentences which had been imposed in approximately 10 cases involving other defendants. The purpose of this showing was to demonstrate that the superior court's 10-year sentence in the case at bar was excessive. In further support of his motion to modify sentence, Taylor asserted that he ". . . told attorney he wanted to appeal the sentence given him. Attorney failed to comply with defendant's wishes and constitutional rights of appeal." [5]

 The state opposed Taylor's motion for modification of sentence on two grounds. The state argued that since Taylor attacked the sentence on the basis that it was excessive and did not put in question its legality "the only remedy would be reduction." Since Taylor did not move to reduce within the 60-day limitation found in Criminal Rule 35(a),[6] the state took the position the motion was untimely.[7] No further documents were filed in behalf of William Taylor or in response to the state's opposition, and the superior court, on March 23, 1976, denied appellant's motion to modify sentence.[8] Thereafter, on April 16, 1976, counsel for Taylor filed a notice of appeal from the superior court's order of March 23, 1976, denying Taylor's motion to modify

and also from the judgment and commitment which had been entered on April 1, 1974.

In *Jones v. State*, 548 P.2d 958, 959 (Alaska 1976), we said that where a showing of injustice has been made under Rule 53, the 60-day time limitation contained in Rule 35(a) for bringing a motion to reduce a sentence may be dispensed with or relaxed. More specifically, in that case we stated:

> AS 12.55.080 only provides a 60-day limit for suspending the imposition, execution or balance of a sentence, or for placing the defendant on probation. *See* Rule 35(a). This does not mean, however, that in a clear case of injustice we would be unable to act. Rule 35(a) would be subject to Alaska R.Crim.P. 53, which allows relaxation of the rules if injustice will result.

Based upon our review of the record in the instant case, we cannot say that the superior court abused its discretion in failing to relax the 60-day time limitation governing motions to reduce sentence found in Criminal Rule 35(a). Taylor's stark assertion that he told his attorney he desired to appeal the sentence given him does not demonstrate a clear case of injustice warranting relaxation of the 60-day time limitation of Criminal Rule 35(a). What is lacking here are the details concerning the time and

---

**3.** The record shows that on February 9, 1976, the superior court appointed Mr. Aschenbrenner to represent Mr. Taylor.

**4.** Rule 35(a) provides:
 The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief.

**5.** *McCracken v. State*, 482 P.2d 269 (Alaska 1971), was cited by Taylor in behalf of his motion to modify.

**6.** See note 4 *supra*.

**7.** Taylor's motion was filed almost two years after the imposition of sentence.

**8.** The trial court denied Taylor's motion on the basis of the documents which were filed. No hearing was conducted by the superior court in connection with Taylor's motion.

 The second basis of the state's opposition was that the superior court lacked jurisdiction to enlarge the time for the taking of a sentence appeal from that court to the Supreme Court of Alaska.

circumstances when Taylor made known to his counsel his desire to appeal the excessiveness of the sentence. Nor is there any indication of any follow up as to such a request to appeal during the ensuing 22 months. All the superior court was presented with, two years after imposition of sentence, was the bald assertion of Taylor that he told his attorney he desired to attack the sentence on the ground that it was excessive. Thus, we affirm the superior court's denial of Taylor's Rule 35(a) motion to modify sentence.[9]

■ Our disposition of the Rule 35(a) motion essentially controls the remaining issue in this appeal. We have concluded that appellant's showing does not demonstrate that his failure to file a timely sentence appeal was the result of excusable neglect under Appellate Rule 38(b)(2)[10] or that adherence to the 30-day time limitation[11] for the taking of a sentence appeal should be relaxed under the "injustice" standard of Appellate Rule 46.[12] Here again we have the unelaborated statement of Taylor that he told his counsel he desired to appeal the sentence. Additionally, counsel for Taylor has advanced the argument that Taylor did not understand his right to appeal, nor the steps necessary to perfect this right. This argument is based on the further claim that the superior court failed to comply with the requirements of Criminal Rule 32.2(a). In regard to the sentencing court's duty to notify a defendant of his right to appeal from the sentence imposed, Rule 32.2(a) provided that:

At the time of imposition of any sentence for a term or for aggregate terms exceeding one year, the judge shall inform the defendant as follows:

(1) That the sentence may be appealed to the supreme court on the ground that it is excessive;

(2) That upon such appeal the supreme court may modify the sentence as provided by law;

(3) That if he wants counsel and is unable to pay for the services of an attorney, the court will appoint an attorney to represent him on the sentence appeal.[13]

We think it determinative that at no point in the proceedings below or before this court has Taylor himself asserted by affidavit or other proof that he did not understand that he had the right to appeal the sentence or did not understand the steps necessary to perfect a sentence appeal. On the contrary, the only showing attempted is that Taylor made known to his attorney his desire to appeal from the sentence he received. Further, from our study of the record we note that the sentencing court appears to have substantially com-

9. Compare the showing made by movant in *McCracken v. State*, 482 P.2d 269 (Alaska 1971), in behalf of his application for post-conviction relief in which he sought to be allowed to file a late appeal.

10. Appellate Rule 38(b)(2) provides:

When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, this court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. Motions for extensions of time to file documents must be made in accordance with Appellate Rule 37(b).

11. Criminal Rule 32.2(b), now replaced by Appellate Rule 21, stated, in part:

Written notice of appeal from a sentence of the superior court by the state, or by a defendant appealing solely on the ground that the sentence is excessive, shall be filed with the clerk of the superior court which imposed the sentence not later than 30 days after sentence was imposed.

12. Appellate Rule 46 provides that:

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

13. Since the imposition of sentence in the case at bar, Rule 32.2 has been deleted from Alaska's Rules of Criminal Procedure, and Appellate Rule 21 has been added.

plied with the requirements of Criminal Rule 32.2(a).[14]

Affirmed.[15]

ERWIN, J., not participating.

14. The sentencing judge was Superior Court Judge Everett W. Hepp. The record shows that after sentence was imposed, Judge Hepp advised Taylor in the following manner:

Since this sentence is more than a year, I am uncertain of the effect of plea bargaining as to the right of appeal. But in any event, if you elect to make an appeal, the same should be filed within 30 days. And I'm sure Mr. Cline [Taylor's counsel at the time] cannot only tell you, but assist you, should this be your intention to further pursue that matter.

15. Our disposition of the two issues discussed in the opinion makes it unnecessary to decide any other issue in this appeal.