**STATE of Alaska, Appellant,**

v.

**Robert TINSLEY, Appellee.**

**No. A–6005.**

Court of Appeals of Alaska.

Nov. 29, 1996.

---

Joseph S. Slusser, Assistant District Attorney, and Harry L. Davis, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

In 1988, Robert Tinsley was convicted of two counts of first-degree weapons misconduct, former AS 11.61.200(a). He received concurrent sentences of 3 years' imprisonment with 1 year suspended (2 years to serve). Tinsley served his 2 years in prison and was released on probation.

On June 30, 1995, Tinsley filed a motion under Alaska Criminal Rule 35(a) in which he asked the superior court to modify his 1988 criminal judgement (retroactively) to reflect two suspended impositions of sentence (SIS), and to simultaneously set aside his two 1988 convictions on the basis that Tinsley had already satisfactorily completed the about-to-be-imposed periods of SIS probation. Tinsley asked the superior court to do this because he had "gotten his act together" and could now be a responsible citizen. In other words, Tinsley asked the superior court to retroactively alter the 1988 criminal judge-

ment because (Tinsley asserted) he was now rehabilitated.

Tinsley's initial procedural hurdle was that Criminal Rule 35(a) (as it existed on June 30, 1995—the day Tinsley filed his motion) required Tinsley's motion for reduction of sentence to be filed within 120 days of the day his sentence was imposed (since Tinsley did not appeal his judgement or sentence).[1] Tinsley's judgement was signed on November 2, 1988, and his motion for reduction of sentence was not filed until almost seven years later. Accordingly, Tinsley asked the superior court to exercise its authority under Alaska Criminal Rule 53 to relax the 120–day time limit of Criminal Rule 35(a). Tinsley argued that 120 days was "far too short to demonstrate ... that [a defendant] has earned a [sentence] modification". Asserting that he had just completed "five years of exemplary behavior", Tinsley argued that "blind adherence" to Rule 35(a)'s time requirement would work injustice in his case.

Superior Court Judge Jay Hodges granted Tinsley's motion to relax the 120–day time limit, thus allowing the judge to entertain Tinsley's underlying motion to modify his sentence to an SIS. Judge Hodges then issued an order that both retroactively converted Tinsley's two sentences to suspended impositions of sentence and, at the same time, set aside Tinsley's convictions because he had successfully completed his just-imposed SIS probation:

> IT IS HEREBY ORDERED that the original sentence in this case is modified to a Suspended Imposition of Sentence on condition that the defendant serve two years in custody followed by a period of five years of supervised probation.
>
> IT IS FURTHER ORDERED that, the defendant having served his incarceration and completed the probationary period, the convictions in this case are SET ASIDE.

 The State appeals this decision. The State argues that the superior court had no authority to give Tinsley a retroactive SIS after Tinsley had already been sentenced and had already completed that sentence. In the alternative, the State argues that the superior court abused its discretion when it allowed Tinsley to file his motion almost seven years after his original sentencing. We do not reach the State's first argument because we agree that, under the facts of this case, it was an abuse of discretion for Judge Hodges to employ Criminal Rule 53 to relax the 120–day time limit specified in former Criminal Rule 35(a).

Under Criminal Rule 53, any of the criminal rules can be "relaxed or dispensed with ... in any case where it [is] manifest to the court that a strict adherence to [the rule] will work injustice." Judge Hodges did not state why he decided to allow Tinsley to file his motion seven years late, nor did the judge ever make an explicit finding that adherence to the 120–day time limit would work injustice in Tinsley's case. We assume that Judge Hodges implicitly adopted the sole argument contained in Tinsley's motion to relax the time limit. Tinsley argued that the time limit specified in former Criminal Rule 35(a) was "far too short" to allow defendants to demonstrate that they had "earned a modification" by becoming rehabilitated.

This court has indicated that a defendant might seek reduction of his or her sentence under Criminal Rule 35(a) based on the defendant's progress toward rehabilitation since the time of sentencing. *Fowler v. State*, 766 P.2d 588, 591 n. 2 (Alaska App. 1988). This court has also indicated that such a defendant might invoke Criminal Rule 53 to seek relaxation of the Rule 35(a) time limit. *Id.* However, in prior cases construing a trial court's authority to relax Criminal Rule 35(a)'s time limit under Criminal Rule 53, the Alaska Supreme Court has required a particularized showing that circumstances beyond the defendant's control prevented him or her from complying with the normal time limit.

---

1. A revised Criminal Rule 35 became effective on July 1, 1995 (the day after Tinsley filed his motion). *See* ch 79, §§ 29–31 SLA 1995. Under the current version of Rule 35, a court may reduce a defendant's sentence within 180 days of the dis- tribution of the written judgement, but the court may not reduce a defendant's sentence "so as to impose a term of imprisonment that is less than the minimum required by law". Criminal Rule 35(b)(3).

For instance, in *Thomas v. State,* 566 P.2d 630, 639 (Alaska 1977), the supreme court upheld a trial court's refusal to relax the time limit specified in Criminal Rule 35(a) because the defendant failed to present "any proof that [he] intended to timely ask for a reduction of his ... sentences or that he was in any way frustrated in his efforts [by] the neglect or failure of his counsel to take appropriate procedural measures to gain such relief." In *Jones v. State,* 548 P.2d 958 (Alaska 1976), the court likewise concluded that there was no justification for relaxing the time limit of Rule 35(a). Explaining its decision, the court noted that "within the appropriate time limit there was no new evidence upon which to base a motion for reconsideration." 548 P.2d at 960 n. 5. That is, the supreme court faulted Jones for not presenting proof that he could have brought a timely motion if circumstances had not prevented or impeded him. Finally, in *Taylor v. State,* 564 P.2d 1219 (Alaska 1977), the defendant asserted that he should be allowed to file a Rule 35(a) motion two years after his sentencing because his attorney had failed to file a requested sentence appeal. The supreme court found no basis for relaxing the rule: the court noted that Taylor had failed to present "details concerning the time and circumstances when Taylor made known to his counsel his desire to appeal [his] sentence", and Taylor had failed to explain what he did to "follow up ... such a request to appeal during the ensuing 22 months". 564 P.2d at 1220–21.

By comparison, the supreme court ordered a relaxation of Rule 35(a) in *Wheeles v. State,* 566 P.2d 1013 (Alaska 1977). In *Wheeles,* the record showed that both the defendant and his attorney made timely efforts to pursue a motion for reduction of sentence, the factual basis for the defendant's motion arose during the time period allowed by Rule 35(a), and, by excusable mistake, the defendant's motion was filed one day late. 566 P.2d at 1015–16.

Returning to the present case, Tinsley's motion to relax the 120–day time limit of former Criminal Rule 35(a) was not based on any facts peculiar to his case or his situation. He did not assert that he had been prevented from filing a timely motion. Nor did Tins-

ley's argument for a sentence reduction rely on facts that could have been presented within Rule 35(a)'s normal time limit. Quite the contrary: Tinsley expressly argued (and Judge Hodges apparently ruled) that the time limit specified in Criminal Rule 35(a) is generally insufficient to give defendants a real opportunity to demonstrate rehabilitation; thus, application of this time limit works injustice on any defendant who achieves rehabilitation after the expiration of the time limit.

In effect, Judge Hodges construed Rule 53 to authorize abrogation of Rule 35(a)'s time limit whenever a defendant shows that a legitimate ground for sentence reduction arose after the time limit expired. We must reject this construction of the rule. Rule 53 authorizes a court to take remedial action in the face of clear injustice, but this authority must be exercised with due regard for the wording and the policy of the rule to be relaxed.

The rule at issue here, Criminal Rule 35(a), allows a sentencing judge a specific period of time to reconsider and potentially reduce a criminal sentence. This authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy. *Thomas,* 566 P.2d at 639 n. 34. But the time limit in Rule 35(a) exists for a reason. Even after the promulgation of Criminal Rule 35(a), the general rule under Alaska law is that a sentencing court does not have the power to retain jurisdiction over a criminal case in order to modify the defendant's sentence in the future. *Jones,* 548 P.2d at 959; *Davenport v. State,* 543 P.2d 1204, 1211 (Alaska 1975).

Judge Hodges's interpretation of Rule 53 in effect grants the superior court nearly boundless continuing authority to reduce a defendant's sentence—or, as in Tinsley's case, to retroactively suspend imposition of sentence and then set aside the defendant's conviction—upon a showing that the defendant has been rehabilitated. This is not the usual role of courts. In *Fowler,* 766 P.2d at 592, this court rejected an interpretation of former Criminal Rule 35(b) that would have

allowed the superior court the same sort of continuing sentencing jurisdiction.

Tinsley made no effort to prove that he was prevented from filing a timely motion by circumstances beyond his control. Moreover, Tinsley expressly relied on the assertion that his rehabilitation occurred years after the imposition of his sentence; Tinsley's motion did not rest on facts that could have been presented in a timely manner. For these reasons, we hold that Judge Hodges abused his discretion when he relaxed the time limit of Criminal Rule 35(a).

The judgement of the superior court is REVERSED.