# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   )
                     )
                     )
v.                   )      ID No. 1708012089
                     )      Cr. A. Nos. PN17-09-1247, etc.
ASA WILLIAMS         )
                     )
        Defendant.   )

Submitted: July 17, 2018
Decided: October 16, 2018

## ORDER DENYING MOTION TO REDUCE OR MODIFY SENTENCE

This 16th day of October, 2018, upon consideration of the Defendant Asa Williams's *pro se* Motion for Sentence Reduction or Modification (D.I. 15), his supplement thereto (D.I. 16), and the record in this matter, it appears to the Court that:

(1)     On November 27, 2017, a New Castle County grand jury indicted Williams for two counts of Rape in the First Degree, and one count each of Unlawful Imprisonment in the Second Degree, Terroristic Threatening, Malicious Interference with Emergency Communications and Resisting Arrest.[1]

---

[1]     Indictment, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. Nov. 27, 2017) (D.I. 3).

(2) On May 16, 2018, Williams pleaded guilty to one count of Rape in the Third Degree (as a lesser-included offense), one count of Resisting Arrest, and one count of Unlawful Imprisonment in the Second Degree. He did so in exchange for dismissal of the remaining charges and joined with the State in a favorable sentencing recommendation (a total of three years unsuspended imprisonment with other terms).[2]

(3) Williams was immediately sentenced to: (a) for Rape Third Degree (PN17-09-1247) – 25 years at Level V, suspended after three years for two years at Level III probation; (b) for Resisting Arrest (IN17-09-1253) – one year at Level V, suspended for one year at Level III; and (c) for Unlawful Imprisonment Second Degree (IN17-09-1448) – one year at Level V, suspended for one year at Level III.[3] The first two years comprise a minimum term of incarceration that must be imposed and cannot be suspended.[4] In addition to the terms and conditions of his sentence, Williams is required, by statute, to register as a sex offender.[5]

---

[2] Plea Agreement and TIS Guilty Plea Form, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. May 16, 2018).

[3] Sentencing Order, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. May 16, 2018).

[4] DEL. CODE ANN. tit. 11, § 771 (2017) (rape third degree is a class B felony); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[5] *See* DEL. CODE ANN. tit. 11, §§ 4120, 4121, and 4336 (2017) (setting forth Delaware's Sex Offender Registration and Community Notification Act).

(4)     Williams filed no direct appeal from his convictions or sentence.

(5)     Instead, Williams docketed the present motion under Superior Court Criminal Rule 35(b) requesting that the Court modify his sentence for third degree rape to "lower [his] sentence to 2 years & lower his Tier 3 Sex Offender Registration to Tier 1 or Tier 2 sex offender."[6] According to Williams, this relief is appropriate because of his: (a) lack of prior incarceration; (b) promise of employment upon release; (c) family's hardship without his assistance; (d) family support; (e) positive mental health evaluation and treatment efforts; and (6) perception that Tier 3 sex offender registration is too harsh for him as he is "not a sexual deviant" and poses "no threat for recidivism or reoccurance [sic]."[7]

(6)     The Court may consider such a motion "without presentation, hearing or argument."[8] The Court will decide this motion on the papers filed.

(7)     When considering motions for sentence modification, "this Court addresses any applicable procedural bars before turning to the merits."[9] There are no *procedural* bars to the consideration of Williams's request under Rule 35(b).

---

[6]     Def.'s R. 35(b) Mot. at 3.

[7]     *Id.* at 2–3, 5; Def.'s Supp. at 2–3.

[8]     Super. Ct. Crim. R. 35(b).

[9]     *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. Feb. 16, 2015).

(8) The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[10] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[11] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[12] A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and timely Rule 35(b) motion is made.[13] Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[14] But, while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no

---

[10] *See Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[11] *See Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[12] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy). *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (explaining under Alaska's then-extant 120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy.").

[13] *See Remedio*, 108 A.3d at 331-32 (citing cases).

[14] *See Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

-4-

authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[15] As Williams appears to recognize, two years of his unsuspended imprisonment is comprised of a minimum mandatory term that had to be imposed and cannot be suspended or reduced.[16]

(9) But Williams fails to recognize the Court's role in determining his tier designation under Delaware's Sex Offender Registration and Notification Act ("SORNA") and the nature of that requirement under Delaware law. Williams's request that the Court "lower Tier 3 Sex Offender Registration to Tier 1 or Tier 2 Sex Offender" is not cognizable under Rule 35.

(10) Williams suggests in this sentence modification motion that he should be relieved of his current Tier III designation and given only a Tier I or Tier II designation. But Williams's Tier III sex offender registration requirement is not a term or condition of his "sentence." While it is noted in Williams's sentencing order, any SORNA requirement is a mere "collateral consequence" of a defendant's conviction for a sex offense, and not a term or condition of the actual sentence itself.[17]

---

[15]  *See State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[16]  *See* Def.'s R. 35(b) Mot. at 3 (". . . Lower my sentence to 2 years. . .").

[17]  *See Modi v. State*, 1999 WL 167835 at *1-2 (Del. Super. Ct. Feb. 22, 1999), *aff'd*, 1999 WL 1319150 (Del. Dec. 20, 1999) (upon remand from the Supreme Court of Delaware, the

(11) And in Delaware, a sentencing court "has no discretion in making [a tier] determination [because] the statute specifies what offenses will result in designation to each separate Tier level."[18] Tier assignments are mandatory and "based solely upon the charge of which the sex offender was convicted without regard to the facts and circumstances of a particular case."[19] The statute, therefore, is offense-driven without regard for mitigating factors related to the offender or the offense.[20]

(12) Per statute, a Delaware sex offender is assigned to one of three Risk Assessment Tier levels. And per that statute, Williams must be assigned to Tier III because he was convicted of Rape in the Third Degree.[21] And lastly, Williams can

Superior Court denied defendant's motion determining that "the registration and notification requirements are collateral and not a direct consequence of his guilty plea" and agreeing with the majority view that unlike a sentence for the crime "the registration and community notification requirements for sex offenders do not constitute punishment."); *see also, Drake v. State*, 1996 WL 343822, at *3 (Del. Jun 13, 1996) (noting that the fact the defendant would be subject to the registration and community notification provisions of Delaware's SORNA were "collateral consequences of his guilty plea, and the sentencing judge was not required to inform Drake about those collateral consequences").

[18] *Helman v. State*, 784 A.2d 1058, 1066 (Del. 2001). *id.* at 1069 ("[U]nder Delaware's Sex Offender Registration Statute, there is no discretion in tier level assignment.").

[19] *Wilkerson v. State*, 2006 WL 822733, at *2 (Del. Mar. 28, 2006).

[20] *Helman*, 784 A.2d at 1065-66 ("Delaware's statutory method of registration and notification is referred to as the 'compulsory approach'. . . [which] 'requires that offenders satisfying statutory, offense-related criteria be subject to registration and notification, affording offenders no right to a prior hearing on the eligibility determination.'").

[21] DEL. CODE ANN. tit. 11, § 4121(d)(1)(2017) ("Any sex offender convicted . . . of any of the following offenses shall be designated by the court to Risk Assessment Tier III . . . rape in the

only seek a change to his tier status or relief from sex offender registration via the method and at the proper time prescribed by that same statute.[22] Put simply, this Court's Rule 35(b) is not a mechanism for seeking relief from the collateral consequence of sex offender registration; the applicable SORNA provision is.

(13) The Court has examined Williams's lone claim that might be made via Rule 35(b) – a request that the Court reconsider and decide if, on further reflection, its exceeding of the applicable minimum mandatory two-year term of incarceration by a year now seems unduly harsh – on its merits.

(14) It is worth mentioning first that Williams expressly agreed to the sentence imposed (a total of three years of unsuspended Level V time),[23] obtained the benefit of that express agreement, and now expressly asks the Court to undercut that agreement and strike a year of his imprisonment for rape. While not controlling,

---

third degree if . . . the offense involved force or threat of physical violence, or was without consent . . .").

[22]     DEL. CODE ANN. tit. 11, § 4121(e)(2)(a)(2017) (permitting relief from Tier III designation and notification requirements only through petition to the Superior Court made after 25 years have elapsed from the last day served of any term of incarceration or quasi-incarceration imposed at the time of the original conviction).

[23]     Plea Agreement and TIS Guilty Plea Form, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. May 16, 2018) ("STATE AND DEFENDANT AGREE to recommend . . . [for] Rape Third Degree: 25 years suspended after 3 years (the first two are mandatory . . . .").

that is a proper factor for the Court to weigh when, as here, it is considering a timely Rule 35(b) motion.[24]

(15)   The Court has fully reviewed Williams's application, the record of his case, Williams's prior criminal and supervision history, and all sentencing information available.   The Court finds that when all sentencing factors in Williams's case are considered, they do not compel a sentence reduction here. After a thorough review of the merits of Williams's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

(16)   Accordingly, the Court will exercise its discretion under Rule 35(b)[25] and **DENY** Williams's request to reduce his term of imprisonment by a year.

**SO ORDERED this 16th day of October, 2018.**

Paul R. Wallace, Judge

---

[24]   *State v. Colburn,* 2015 WL 1881181, at \*3 (Del. Super. Ct. Apr. 24, 2015) (citing *Rondon v. State,* 2008 WL 187964, at \*1 (Del. Jan. 15, 2008) and *Lake v. State,* 1984 WL 997111, at \*1 (Del. Oct. 29, 1984)) (the "sound discretion" this Court exercises in determining the merits of a timely Rule 35(b) motion is coextensive with the discretion this Court exercises when first imposing the subject sentence; as such, that "wide discretion" includes the latitude to consider "almost any factor" in making a sentencing reduction decision).

[25]   *Rondon v. State,* 2008 WL 187964, at \*1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").

Original to Prothonotary

cc: Jenna R. Milecki, Deputy Attorney General
Elliot M. Margules, Esquire
Mr. Asa Williams, *pro se*
Investigative Services Office