# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **ID No. 1812013044** |
| | ) | **Cr. A. Nos. IN19-02-0620, etc.** |
| ANTWINE A. BANKS, | ) | |
| **Defendant.** | ) | |

Submitted:  September 15, 2020
Decided:  December 31, 2020

## ORDER DENYING MOTION TO REDUCE SENTENCE

(1)    This 31st day of December, 2020, upon consideration of the Defendant Antwine A. Banks's Motion for Sentence Reduction (D.I. 19), the State's Response (D.I. 21), Mr. Banks's reply thereto (D.I. 22), and the record in this matter, it appears to the Court that:

(2)    On the day of his final case review in August 2019, Antwine A. Banks pleaded guilty to a count of robbery first degree and a count of conspiracy second degree.[1]  He did so in exchange for the State's withholding of a habitual criminal petition and the State's capping of its sentencing recommendation to a request for five years of unsuspended imprisonment.[2]

---

[1]  Plea Agreement and TIS Guilty Plea Form, *State v. Antwine A. Banks,* ID No. 1812013044 (Del. Super. Ct. Aug. 5, 2019) (D.I. 11).

[2]  *Id.* at 1 ("State will cap its recommendation at 5 years unsuspended L 5 time (Total maximum sentence is 27 years L5; minimum mandatory sentence is 3 years L5)").  Because Mr. Banks had been previously convicted on at least two prior separate occasions of felonies in New Jersey that would be classified as violent felonies in Delaware, he faced a sentence of at least 25 years imprisonment for this first degree robbery under Delaware's

These offenses arose from a bank robbery that occurred at a Newark Wells Fargo branch in December 2018.[3]

(3)     Mr. Banks's sentencing occurred on January 30, 2020, after a comprehensive presentence investigative report was prepared.   He was sentenced:  (a) for Robbery First Degree (N19-02-0620)—25 years at Level V suspended after serving six years at Level V for 19 years at Level IV (DOC Discretion), suspended after serving six months at Level IV, for two years at Level III; and (b) for Conspiracy Second Degree (N19-03-0974)—Two years at Level V suspended in whole for two years at Level III.[4]

(4)     His sentencing order provides that Mr. Banks's sentence is effective January 16, 2019, and that he is to be held at Level V until space is available for his Level IV placement.[5]

---

Habitual Criminal Act. *See* DEL. CODE ANN. tit. 11, § 4214(d) (2018) (providing that one, like Mr. Banks, who may be a habitual offender under that provision of the Habitual Criminal Act and who is convicted of a Title 11 violent felony can be declared a habitual criminal; such a habitual criminal must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for the triggering Title 11 violent felony that forms the basis of the State's habitual criminal petition); *id.* at §§ 832(a) and 4205(b)(2) (maximum sentence for robbery first degree is 25 years at Level V).

[3]     Indictment, *State v. Antwine A. Banks,* ID No. 1812013044 (Del. Super. Ct. Mar. 18, 2019) (D.I. 2); Adult Complaint and Warrant, *State v. Antwine A. Banks,* ID No. 1812013044 (Del. J.P. Ct. Feb. 7, 2019) (filed in this Court as D.I. 1, Feb. 15, 2019).

[4]     Sentence Order, *State v. Antwine A. Banks,* ID No. 1812013044 (Del. Super. Ct. Jan 30, 2020) (D.I. 18).

[5]     *Id.*

(5)    In short, Mr. Banks's six-year period of unsuspended imprisonment is comprised of the three-year minimum term of incarceration that must be imposed under Delaware's first degree robbery statute and that cannot be suspended[6] and an additional three years the Court imposed as an exercise of its own sentencing judgment.

(6)    Mr. Banks filed no direct appeal of his convictions or sentences. Instead, he docketed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his six-year prison term.[7]  Mr. Banks asks reduction "from six (6) years of Level 5 incarceration to three (3) years of Level 5 incarceration or, at a minimum, a reduction of the six (6) year term of Level 5 incarceration to five (5) years of Level 5 incarceration, which was recommended by the prosecution at Sentencing."[8]

---

[6]    DEL. CODE ANN. tit. 11, § 832(b)(1) (2018) ("[A]ny person convicted of robbery in the first degree shall receive a minimum sentence of . . . [t]hree years at Level V.").

[7]    Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8]    Def.'s Rule 35(b) Mot., *State v. Antwine A. Banks,* ID No. 1812013044 (Del. Super. Ct. July 1, 2020), at 4 (D.I. 19).

(7)     The Court may consider Mr. Banks's motion "without presentation, hearing or argument."[9]  The Court will decide his motion on the papers filed and the complete sentencing record in this case.

(8)     When considering motions for sentence reduction, "this Court addresses any applicable procedural bars before turning to the merits."[10]  As Mr. Banks's motion is his first and is timely filed, the Court finds there are no procedural bars to the consideration of his request under Rule 35(b).[11]

(9)     The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[12]  Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad

---

[9]     Super. Ct. Crim. R. 35(b).

[10]    *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[11]    As Mr. Banks correctly notes, the suspension of court-rule deadlines ordered by the Chief Justice via the judicial emergency declaration caused by the COVID-19 pandemic was in effect on April 16, 2020, when Rule 35(b)'s 90-day deadline first arrived for him. *See* ADMINISTRATIVE ORDER NO. 4—EXTENSION OF JUDICIAL EMERGENCY, *In Re COVID-19 Precautionary Measures*, at 4 (Del. Apr. 14, 2020) ("[D]eadlines in court rules . . . that expire between March 23, 2020 and May 13, 2020 are extended through June 1, 2020.") (available at https://courts.delaware.gov/rules/pdf/COVID-extended-deadline.pdf - last visited Dec. 27, 2020); *see also* ADMINISTRATIVE ORDER NO. 6—EXTENSION OF JUDICIAL EMERGENCY, *In Re COVID-19 Precautionary Measures*, at 4 (Del. May 13, 2020) (further extending court-rule deadlines through July 1, 2020.) (available at https://courts.delaware.gov/rules/pdf/COVIDOrderCJS3.pdf - last visited Dec. 27, 2020).

[12]    *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

-4-

discretion to decide if it should alter its judgment.[13]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[14]

(10)   The Court has examined Mr. Banks's claim—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits.  Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[15]

(11)   Mr. Banks cites three reasons that the Court should reduce his sentence either to the minimum mandatory or the State's recommended sentence:  (a) he believes the Court may have placed less emphasis on his prior New Jersey conviction for Assault of a Law Enforcement Officer had it been aware of his recitation of the facts and circumstances surrounding that

---

[13]  *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[14]  *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (Observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy.).  *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (Explaining under Alaska's then-extant 120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy.").

[15]  *Hewett*, 2014 WL 5020251, at *1.  *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

December 2005 felony offense;[16] (b) he repeats that he was facing dire life and financial difficulties at the time of the bank robbery; and (c) he reminds the Court that he is "very remorseful for the crime that [he] committed" and "feel[s] nothing but regret" for it.[17]

(12) At bottom in this sentence reduction motion, Mr. Banks asks that the Court reweigh mitigating circumstances he believes were present at the time of his sentencing and then reduce his term of imprisonment. "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[18]

(13) At sentencing the Court noted the mitigating circumstances it found applicable: (a) Mr. Banks's likely mental health issues that had never been fully addressed; (b) the past abuse he suffered; (c) his remorse; and (d) his life circumstances when he committed the bank robbery.[19] The Court

---

[16] Mr. Banks says that he had not relayed his version of this conviction prior to sentencing because it was only "[r]ecent events including the murder of George Floyd in Minnesota [that] brought back the painful memory to [him] of what happened to him in the courtroom in Camden County, New Jersey in December of 2005 and compelled him to contact counsel and advise him of the details of the event." Def.'s Rule 35(b) Mot., at 2.

[17] *Id.*at 2-3; Def.'s Rule 35(b) Repl., *State v. Antwine A. Banks,* ID No. 1812013044 (Del. Super. Ct. Sept. 15, 2020), at Ex. B (D.I. 22).

[18] *Remedio*, 108 A.3d at 331-32 (emphasis in original).

[19] Sentencing Hearing Transcript, *State v. Antwine A. Banks,* ID No. 1812013044 (Del. Super. Ct. Jan. 30, 2020), at 12-13 (D.I. 23).

also made it clear that it had reviewed all the sentencing materials provided, particularly the many letters of support written on Mr. Banks's behalf.[20] There is little doubt that Mr. Banks suffered deprivation and endured many tragic circumstances in his childhood including varied forms of abuse at the hands of more than one adult. And, little doubt, Mr. Banks had fallen on very hard times just before this offense—some brought on by fate, some brought on by his own doing.

(14) But there is also no doubt that each of the aggravators cited by the Court at the sentencing hearing and in its sentencing order are well-supported by the record.[21] And there is no doubt those aggravating circumstances are considerable. At sentencing, the Court made illustrative reference to Mr. Banks's prior conviction for assaulting a law enforcement officer.[22] Yet, it did not ascribe such great weight to that offense alone that, had it also then considered Mr. Banks's recent reconstitution of the facts and circumstances thereof, its sentencing judgment would have been altered.

---

[20] *Id.*

[21] *See* Sentence Order, at 4 (setting forth aggravating circumstances found).

[22] Sent. Hrg. Trans., at 13 ("I can't overlook also, though, that there is a significant criminal past and a demonstrated lack of amenability to sanctions. That past does include some acts of violence, including an assault against a police officer. And it is so repetitive that, under other circumstances, had the State moved, [Mr. Banks] would be considered a statutory habitual criminal offender.").

(15) Mr. Banks was a 37 year-old man eligible for statutory habitual criminal treatment when he committed this bank robbery. His criminal history is comprised of many and varied offenses: domestic violence, breach of parole, shoplifting, assault (simple and aggravated), simple possession of controlled substances, possession with intent to deliver controlled substances, unlawful possession of handguns, resisting arrest, terroristic threatening, and now, bank robbery. Over the past two decades, the numerous unsuspended incarcerative terms imposed on Mr. Banks ranged anywhere from five days to five years. When arrested this time, he had two active warrants in Maryland for violating protective orders and another felony case pending in New Jersey for a handgun charge. Indeed, he had no less than four arrests in the four months leading up to this robbery. And this robbery, itself, greatly traumatized the victim teller who was doing no more than her job at the bank a few days before Christmas.

(16) The Court has fully reviewed Mr. Banks's application, the record of his case, his prior criminal and supervision history, and all sentencing information available. The Court carefully weighed the applicable aggravators and mitigators before imposing its sentence that rejected the

State's recommendation of a lesser term.[23] The Court finds that when those and all other sentencing factors in his case are reconsidered, Mr. Banks's statements of regret may be commendable and his recounting of the circumstances of one of his prior violent felony convictions fascinating in light of recent national events, but they do not compel a sentence reduction here. Instead, after a thorough review of the merits of Mr. Banks's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

(17) Accordingly, the Court will exercise its discretion under Rule 35(b)[24] and **DENY** Mr. Banks's request to reduce his six-year term of imprisonment.

**SO ORDERED this 31st day of December, 2020.**

*/s/ Paul R. Wallace*
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    John S. Malik, Esquire,
       Sean A. Motoyoshi, Deputy Attorney General
       Investigative Services Office

---

[23] Sent. Hrg. Trans., at 13 ("I weighed all of those circumstances and I'm going to sentence as follows. . .").

[24] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").