**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
        Plaintiff, )
)    **I.D.: 1807018684**
    v. )
)
JOHN STEPHENSON, )
)
        Defendant.

## ORDER ON DEFENDANT'S MOTION
## TO REDUCE AND/OR MODIFY HIS SENTENCE

On August 6, 2021 the Defendant, John Stephenson, filed a Motion to Reduce and/or Modify this sentence under Superior Court Criminal Rule 35. Having considered the Defendant's Motion and this Court's review of the record, it appears to the Court that:

1. On June 28, 2019 the Defendant pled guilty to Robbery 2nd (N19-03-0243I) for which he was sentenced to 4 years at Level V with credit for three (3) days previously served suspended after nine (9) months at Level V for two (2) years at Level III GPS. Defendant also pled guilty to three (3) separate charges of Burglary 3rd (N18-09-0942), (N18-18-0228, AND N18-08-0230). For each of these Burglary 3rd charges Defendant was sentenced one year at Level VI suspended for one year at Level II.

2. On May 11, 2021 the Defendant came before the Court on a violation of probation relating to the charges to which he pled guilty and was sentenced

on June 18, 2019. The violations alleged included failure to report to probation; failure to report new charges; failure to report to VOP hearings; and the insurance of multiple new charges on multiple dates. These new charges included a 9/8/19 arrest in Prince William County VA for which the warrant is still active; a 4/13/20 arrest by the Middletown Police for shoplifting; an April 17, 2021 arrest for theft of a motor vehicle; and a May 1, 2021 arrest for resisting arrest, offensive touching and criminal mischief. On multiple occasions the Defendant has fled from different police agencies who were attempting to apprehend him given the various capiases that had been issued.

3. At the Violation of Probation Hearing the probation and parole officer recommended that as to Robbery 2nd, the Defendant be sentenced to 4 years at Level V, suspended after 2 years at Level V, for 18 months Level III GPS supervision. As to each of the Burglary 2 charges, the recommendation was one year Level V, suspended for 1 year at Level III.

4. After hearing from the parties and considering the record, the Court discharged the defendant from probation in all of the cases except as to the Burglary 2nd. As to the Burglary 2nd, the Court found the defendant in violation of probation and imposed a sentence of four (4) years at Level V with credit for (10) days suspended for time already served suspended after fifteen (15) months at Level V for twelve (12) months at Level III GPS supervision.

5. The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[1] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[2] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[3] But, no doubt, as movant, Mr. Stephenson must shoulder the burden of establishing just cause for reduction or modification of his otherwise legal sentence.[4]

6. The Court has examined Mr. Stephenson's claim—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[5]

---

[1] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[2] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[3] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (Observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy.). *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (Explaining under Alaska's then-extant 120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy.").

[4] *See State v. Joseph,* 2018 WL 1895697, at *1 (Del. Super. Ct. Apr. 11, 2018) ("The burden is upon the movant to establish cause to modify a lawfully imposed sentence.").

[5] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

7. The defendant had filed a timely request for modification of his sentence. Defendant points to the Court for four (4) reasons in support of for his request:

> a. Family hardship – Defendant is in custody battle with DFS and is unable to get the classes required while in prison due to COVID;
> b. Defendant's parental rights will be terminated if he is not at home complying with DFS's case management requirements;
> c. Defendant is receiving social security disability and has a part-time job awaiting him; and
> d. The mother of Defendant's child suffers from mental issues that risk her ability to care for and keep their son.

8. Defendant has also averred that he has a place to live if released from Level V. Defendant asks this Court to reduce his Level V time to nine (9) months followed by 18 months GPS monitoring at Level V.

9. "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[6]

10. The Court has fully reviewed Mr. Stephenson's application, the record, his criminal and supervision history, and all sentencing information available. Mr. Stephenson's actions since his sentencing date of 6/29/2019 demonstrate that additional Level V time is appropriate. The impact of Mr. Stephens's actions on his family are the result of his inability to follow the

---

[6] *Remedio*, 108 A.3d at 331-32 (emphasis in original).

terms of his probation in multiple ways and multiple times. While the Court sympathizes with the impact of these actions on his family, they are solely the result of Mr. Stephenson's own actions. After a thorough review of the merits of Mr. Stephenson's request, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

Accordingly, the Court will exercise its discretion under Rule 35(b)[7] and **DENY** Mr. Stephenson's request to reduce his four-year term of imprisonment.

**IT IS SO ORDERED** this 27th day of August, 2021.

*Francis J. Jones, Jr.*
Francis J. Jones, Judge

Original to the Prothonotary
cc:      Mr. John Stephenson, *pro-se*
          Marc C. Petrucci, Deputy Attorney General
          Ross Flockerzie, Assistant Public Defender
          Investigative Services

---

[7] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").