# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **I.D.: 2207008089** |
| v. | ) | |
| | ) | |
| JAMES L. GARFIELD, | ) | |
| | ) | |
| **Defendant.** | | |

## ORDER ON DEFENDANT'S MOTION TO MODIFY SENTENCE

On October 27, 2023 the Defendant, James L. Garfield, filed a Motion to Modify his sentence under Superior Court Criminal Rule 35. Having considered the Defendant's Motion and this Court's review of the record, it appears to the Court that:

1) On July 28, 2023, a grand jury convicted James L. Garfield ("Defendant") of Rape in the Third Degree; Sexual Abuse of a Child by a Person in Position of Trust in the Second Degree; and Rape in the Fourth Degree. On these charges the Defendant was sentenced as follows: 25 years at Level 5, suspended after 3 years at Level 5, for 6 months at Level 4 DOC Discretion, followed by 2 years at Level 3 for Rape in the Third Degree; Sexual Abuse of a child by a Person in Position of Trust, 4 years at Level 5, suspended after 3 years Level 5, for 2 years Level 3; Rape in the Fourth Degree, 4 years at Level 5, suspended after 2 years Level 5, for 2 years at Level 3. All Level 5 time is to be served consecutively and all Level 3 time is to be served concurrently.

2)    Defendant, through the instant Motion to Modify his sentence, requests that the Court amend his sentence to allow: 25 years at Level 5, suspended after 3 years for 6 months at Level 4 Home Confinement, followed by 2 years at Level 3 for Rape in the Third Degree; Sexual Abuse of a child by a Person in Position of Trust, 4 years at Level 5, suspended after 1 year, followed by 2 years Level 3; Rape in the Fourth Degree, 4 years at Level 5, suspended after 1 year, followed by 2 years at Level 3. All to be conditioned upon completion of Transitions Sex Offender program. All Level 5 time to be served consecutively.

3)    The Court may consider such a request "without presentation, hearing or argument."[1] When considering motions for sentence reduction or modification, this Court addresses any applicable bars before turning to the merits.

4)    The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[2] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[3] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[4] But, no

---

[1] Superior Court Criminal Rule 35.

[2] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[3] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[4] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (Observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy.). *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (Explaining under Alaska's then-extant 120-

doubt, as movant, Mr. Garfield must shoulder the burden of establishing just cause for modification of his otherwise legal sentence.[5]

5) The Court has examined Mr. Garfield's claim—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound discretion of this Court.[6]

6) Defendant is to be commended for both his good behavior while incarcerated and his intent for gainful education once he returns to the community.

7) Defendant was sentenced on July 28, 2023, and submitted his Motion for Modified Sentence on October 27, 2023.

8) The Defendant filed a timely request for modification of his sentence. Defendant cites to four (4) reasons in support of his application:

    a. The fact that he is 28 years old and has no criminal record prior to this incident;
    b. Defendant is remorseful for his actions;
    c. He has maintained a clear conduct record while incarcerated;
    d. He intends to further his education upon release by obtaining a doctoral degree in psychology.

---

day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy.").

[5] *See State v. Joseph,* 2018 WL 1895697, at *1 (Del. Super. Ct. Apr. 11, 2018) ("The burden is upon the movant to establish cause to modify a lawfully imposed sentence.").

[6] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

9)     "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[7]

10)     The Court has had occasion to review this entire matter. Given the nature of the crimes for which he is incarcerated, it is this Court's view that Defendant's sentences are appropriate for all the reasons stated at the time of his original sentencing.  No additional information has been provided to the Court that would warrant a reduction or modification of Defendant's sentences.

Accordingly, the Court will exercise its discretion under Rule 35(b)[8] and **DENY** Mr. Garfield's request to reduce his four-year term of imprisonment.

**IT IS SO ORDERED** this 28th day of November, 2023.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge


*Original to Prothonotary*
cc:    Nicole Whetham Warner, Deputy Attorney General
        Mr. James L. Garfield, ID 2207008089, JTVCC (w/o Encl.)

---

[7]    *Remedio*, 108 A.3d at 331-32 (emphasis in original).
[8]    *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").