**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **I.D.:  2304008077** |
| v. | ) | 2310000567 |
| | ) | |
| RONALD MADDREY, | ) | |
| | ) | |
| **Defendant.** | | |

**ORDER ON DEFENDANT'S MOTION TO MODIFY SENTENCE**

On July 11, 2024 the Defendant, Ronald Maddrey, filed a Motion to Modify his sentence under Superior Court Criminal Rule 35.  Having considered the Defendant's Motion and this Court's review of the record, it appears to the Court that:

1)      On April 12, 2024 Ronald Maddrey was sentenced for the following charges to which he pled guilty: Drug Dealing Cocaine – 15 years at Level V, suspended after 2 1/2 years for 12 months at Level IV DOC discretion suspended after 6 months to be followed by 12 months at Level III; Resisting Arrest – 2 years at Level V; suspended for 1 year at Level III.  All Level V time is to be served consecutively and all Level III time is to be served concurrently.

2)      Defendant, through the instant Motion to Modify his sentence, requests that the Court amend his sentence to suspend 6 months of his Level V time for 1 year Level IV home confinement. In support of this request Defendant maintains that 1) he is the primary caregiver for his mother and she needs his support for her

medical issues; 2) to provide support for his children; 3) he has a job awaiting him; 4) he has stable housing; and 5) he is accountable for his actions.

3) The Court may consider such a request "without presentation, hearing or argument."[1] When considering motions for sentence reduction or modification, this Court addresses any applicable bars before turning to the merits.

4) The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[2] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[3] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[4] But, no doubt, as movant, Mr. Maddrey must shoulder the burden of establishing just cause for modification of his otherwise legal sentence.[5]

5) The Court has examined Mr. Maddrey's claim—i.e., his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are addressed to the sound

---

[1] Superior Court Criminal Rule 35.
[2] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).
[3] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[4] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (Observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy.). *See also State v. Tinsley*, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (Explaining under Alaska's then-extant 120-day rule, that a court's "authority can be exercised even when there is no reason to reduce the sentence other than the judge's decision to reconsider and show mercy.").
[5] *See State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Ct. Apr. 11, 2018) ("The burden is upon the movant to establish cause to modify a lawfully imposed sentence.").

discretion of this Court.[6]

6) Defendant was sentenced on April 12, 2004, and submitted his Motion for Modified Sentence on July 11, 2024. The Defendant filed a timely request for modification of his sentence.

7) "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[7]

8) The Court has had occasion to review this entire matter. Given the nature of the crimes for which he is incarcerated and his extensive criminal history,[8] it is this Court's view that Defendant's sentences are appropriate for all the reasons stated at the time of his original sentencing. The information provided to the Court does not warrant a reduction or modification of Defendant's sentence.

Accordingly, the Court will exercise its discretion under Rule 35(b)[9] and **DENY** Mr. Maddrey's request to modify his sentence.

**IT IS SO ORDERED** this 18th day of July, 2024.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

Encl.
*Original to Prothonotary*
cc:  Timothy G. Maguire, Deputy Attorney General
     Mr. Ronald Maddrey, SBI 00586669, HRYCF (w/o Encl.)

---

[6] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[7] *Remedio*, 108 A.3d at 331-32 (emphasis in original).

[8] The Court notes that Defendant was subject to the habitual offender status and the State as part of the plea deal agreed not to seek habitual status.

[9] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").